**Florence RIFKIN, Plaintiff,**

v.

**UNITED STATES LINES, Defendant.**

United States District Court
S. D. New York.

Feb. 26, 1959.

Julian Buchbinder, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant.

DIMOCK, District Judge.

Defendant makes two motions, one, under Rule 37(d), F.R.Civ.P., to strike out plaintiff's complaint and to dismiss the action because of plaintiff's failure to submit herself for examination before trial, and the other, under Rule 30(b), F.R.Civ.P., to vacate and set aside plaintiff's notice of examination of defendant before trial. The first motion involves the question whether a notice of examination of plaintiff before trial was served by defendant at the time the answer was served. The second motion involves the propriety of the provisions of a notice of examination served by plaintiff which concern the persons by whom defendant is to be examined and the production of papers on the examination.

In support of the first motion counsel for defendant swears that "On November 12, 1958, the defendant served an answer to the complaint together with a notice of examination before trial of the plaintiff, returnable on the 25th day of November. No objection and/or mo-

tion was made to this notice". In another affidavit counsel for defendant swears that the plaintiff's attorney "acknowledged receipt" of the notice to examine plaintiff. In addition, there is before me the affidavit of one Robert M. Auld who swears that he served the notice upon the attorney for plaintiff by mailing it to him at his last known address. This method of serving a notice is specifically authorized by Rule 5(b), F.R.Civ.P.

In opposition to this motion plaintiff's attorney and his secretary swear that the notice was not served. Since, in the nature of things, they can have no knowledge as to mailing, this means no more than that the notice was not received. Service by mail is complete upon mailing, Rule 5(b), F.R.Civ.P., even though it is not received.

■ I find that defendant served the notice of examination of plaintiff before trial upon plaintiff's attorney on the same date that the answer was served.

■ Under these circumstances defendant's motion to strike out the complaint and dismiss the action is granted unless plaintiff either appears for the taking of her deposition upon oral examination at the office of the Clerk of this court, Room 601, United States Court House, within thirty days from the entry of an order on this motion, moves for relief under Rule 30(b) within said thirty days, or enters into a stipulation with defendant.

■■ Since defendant served its notice of examination first it was entitled to examine first. See Schilling-Hillier S. A. Industrial E. Commercial v. Virginia-Carolina Chemical Corp., D.C.S.D. N.Y., 19 F.R.D. 271, 274. The motion to set aside plaintiff's notice of examination for a date before defendant's examination will therefore be granted. If and when a new notice is served by plaintiff it should eliminate the requirement that defendant be examined by persons other than officers or managing agents,

Mattingly v. Boston Woven Hose & Rubber Co., D.C.S.D.N.Y., 12 F.R.D. 266, and the requirement for production of papers, Schwartz v. Broadcast Music, D.C. S.D.N.Y., 16 F.R.D. 31.

Settle order on notice.