**Joan M. CALLAHAN, Plaintiff-Appellee,**

v.

**Fred SCHULTZ, et al.,**
**Defendants-Appellants.**

**No. 85–3591**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 10, 1986.

█

*Miranda* silence is inapplicable to the instant case in which the defense was specific in its reliance upon the proximity of the statement to the time of arrest. *Greenfield* neither specifically nor implicitly overruled footnote 11 of *Doyle v. Ohio* which permits comment upon post-*Miranda* silence in response to defense arguments that the defendant's post-arrest behavior was probative of his innocence.

Glenn L. Archer, Asst. Atty. Gen., Michael L. Paup, Chief, Charles E. Brookhart, Kathryn E. Rooklidge, Tax Div., Appellate Section, U.S. Dept. of Justice, Washington, D.C., Virginia M. Covington, Asst. U.S. Atty., Tampa, Fla., for defendants-appellants.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

The United States appeals the district court's judgment quashing an IRS sum-

mons for failure to file certain exhibits as ordered and the order denying its motion to alter or amend the judgment.

The IRS issued a summons to a third party bank on August 12, 1983 requiring the bank to produce its records of appellee's bank accounts and transactions. In response, appellee filed a complaint petition to quash the summons on September 6, 1983. The United States filed a motion to dismiss appellee's complaint petition, contending the district court lacked jurisdiction because the petition was untimely, and seeking enforcement of the summons. This motion referred to exhibits which were not attached and which remained unfiled despite two court orders directing the government to file these exhibits. The district court entered judgment quashing the summons on February 19, 1985; on March 1, 1985, the United States served a motion to alter or amend the judgment, Fed.R. Civ.P. 59(e), which was filed with the court on March 5, 1985. The district court denied this motion because it was not filed within ten days of judgment.

■■ We agree in theory with the IRS's jurisdictional argument. The government's consent to suit on an IRS summons requires strict compliance with 26 U.S.C. § 7609(b)(2)(A) (1982) which provides that a proceeding to quash must be commenced within twenty days after notice is "given." Notice under section 7609 is given on the date it is mailed. *Stringer v. United States*, 776 F.2d 274, 275–76 (11th Cir. 1985). Nevertheless, the United States did not support its claim of untimeliness by filing the referenced exhibits as ordered. The "adverse inference" rule provides that "when a party has relevant evidence within his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him." *International Union (UAW) v. NLRB*, 459 F.2d 1329, 1336 (D.C.Cir.1972). *See also* 2 Wigmore, Evidence § 285 (Chadbourn rev. 1979); *United States v. Roberson*, 233 F.2d 517, 519 (5th Cir.1956). The motion to dismiss referred to exhibits which the government asserted would support the IRS's claim of untimeliness and set forth grounds for enforcing the summons. The government failed to file the missing exhibits despite two court orders; we further note the IRS did not file these exhibits with its Rule 59(e) motion. Under the adverse inference rule, we hold the district court was justified in denying the government's motion to dismiss.

■■ In addition, the district court proceeded to quash the summons because of the government's failure to submit its exhibits. To obtain enforcement of a summons, the IRS has the initial burden to show

(1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry will be relevant to that purpose, (3) that the information sought is not already in the IRS' possession and, (4) that it has taken the administrative steps necessary to the issuance of a summons. The IRS can satisfy this burden merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts. Thereafter, the burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process.

*La Mura v. United States*, 765 F.2d 974, 979–80 (11th Cir.1985) (citations omitted). In its motion for enforcement, the IRS represented it had satisfied its burden by presenting an agent's declaration attached as an exhibit; the exhibit, however, was not attached. Patiently, the district court issued orders directing the IRS to furnish the exhibit and thereby cure its apparent oversight but the IRS failed to abide either of these orders. At that point, the situation was as if the parties had appeared in open court with the burden on the IRS to make its preliminary showing and it had refused to present the agent's testimony.

In such a situation, it would be appropriate for the court to invoke the adverse inference rule against the IRS. It was no less appropriate for an adverse inference to be drawn in this case. In view of this perhaps unfortunate situation, it was not error for the district court to order the summons quashed.

The district court, however, improperly denied the United States' motion to alter or amend the judgment for untimeliness. Fed.R.Civ.P. 59(e) requires that such a motion be served no later than ten days after entry of judgment. Rule 59 applies to the time of service, not filing. *Great American Insurance Co. v. Rush*, 670 F.2d 995, 996 (11th Cir.1982). Service of motions by mail is complete upon mailing, Fed.R.Civ.P. 5(b), and the motion must be filed with the court within a reasonable time thereafter. Fed.R.Civ.P. 5(d). The IRS claims it served the motion on appellee on March 1, 1985,[1] within the ten-day limit, and filed the motion four days later. If so, the motion was timely and should be considered on its merits. We VACATE the order filed May 31, 1985.

AFFIRMED in part; VACATED in part.

---

**1.** We note there is again dispute regarding the date the IRS actually served this motion on