Jose **RIVERA**, Plaintiff, Appellant,

v.

**M/T FOSSARINA, et al.,**
**Defendants, Appellees.**

No. 87–1862.

United States Court of Appeals,
First Circuit.

Heard Feb. 4, 1988.

Decided Feb. 29, 1988.

Harry A. Ezratty, San Juan, P.R., for plaintiff, appellant.

Cheryl C. Burke with whom Neil J. Welch, Jr., and Heron, Burchette, Ruckert & Rothwell, Washington, D.C., were on brief, for defendants, appellees Phillips Petroleum Co. and Phillips Puerto Rico Core, Inc.

Alexis D. Mattei with whom Ledesma, Palou & Miranda, Hato Rey, P.R., was on brief, for defendants, appellees Puerto Rico Fuels, Inc., Tug Texan, Trans Gulf Towing Co. and Blutco Barge & Towing Co.

* Of the District of Massachusetts, sitting by desig-

Before CAMPBELL, Chief Judge, SELYA, Circuit Judge, and CAFFREY,* Senior District Judge.

LEVIN H. CAMPBELL, Chief Judge.

José Rivera, a pilot for the port of Las Mareas, Puerto Rico, brought a complaint in admiralty against numerous defendants, claiming that they owed him approximately $4,000 in pilotage fees for services he allegedly rendered in connection with the anchoring of vessels at the port. The district court granted defendants' motions for summary judgment, 663 F.Supp. 544, concluding, inter alia, that the vessels in question had anchored outside compulsory pilotage waters. Rivera now appeals.

Appellees assert, and we agree, that this court is without jurisdiction to entertain an appeal from the district court's granting of summary judgment because a timely notice of appeal sufficient to confer jurisdiction upon this court was not filed.

## I.

On June 17, 1987, a final judgment was entered in the district court dismissing Rivera's complaint pursuant to the court's prior order and opinion granting defendants' motion for summary judgment. On June 25, Rivera filed a Fed.R.Civ.P. 59(e) motion to alter and amend the judgment. The district court denied this motion on July 30, 1987. On August 25, 1987, Rivera filed a notice of appeal to this court from the district court's judgment of June 17, 1987, and from the denial of his Rule 59(e) motion.

On August 27, 1987, Rivera filed a motion for relief from the district court's final judgment, on the ground of alleged newly discovered evidence. Fed.R.Civ.P. 60(b)(2). On September 30, 1987, the district court denied appellant's Rule 60(b)(2) motion. On October 16, 1987, appellant filed a notice of appeal to this court from the district court's order denying his Rule 60(b)(2) motion. On November 18, 1987, this court

nation.

ordered the consolidation of appellant's August 25 and October 16 appeals.

## II.

Appellees have moved us to dismiss the appeal of August 25, 1987, for lack of appellate jurisdiction. It is undisputed the notice of appeal was not filed within 30 days from the entry of judgment. Fed.R. App.P. 4(a)(1). The judgment dismissing appellant's complaint was entered on June 17, 1987, over two months before appellant filed his August 25 notice of appeal. However, appellant filed an intervening motion under Rule 59(e) on June 25, and this was not denied until July 30, 1987. If the Rule 59(e) motion were timely, appellant had 30 days from the date of its denial (on July 30) to file a notice of appeal from the judgment. Fed.R.App.P. 4(a)(4).

However, appellees contend the Rule 59(e) motion was not timely, hence it was ineffective to toll the running of the 30–day appeal period from the judgment. According to appellees, none of them was served with the motion until late in August.[1] Since a Rule 59(e) motion must be served within ten days after entry of the judgment,[2] Rivera's motion was allegedly untimely and incapable of tolling the appeal period.[3]

▮ The timeliness of a motion to alter or amend a judgment is determined by the date it is *served*, not by the date it is filed. *Callahan v. Shultz*, 783 F.2d 1543, 1546 (11th Cir.1986); *Harcon Barge Co. v. D. & G. Boat Rentals, Inc.*, 746 F.2d 278, 285 n. 5, 289 (5th Cir.1984), *cert. denied,* — U.S. ——, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). The ten-day limitation period of Rule 59(e) "is one of the few limitary periods which the court has no power to enlarge." *Scola v. Boat Frances R., Inc.*, 618 F.2d 147, 154 (1st Cir.1980); *Elias v. Ford Motor Co.*, 734 F.2d 463, 466 (1st Cir.1984). An untimely Rule 59(e) motion does not toll the time for taking an appeal from a final judgment. *Peake v. First National Bank & Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir.1983); *Martin v. Wainwright*, 469 F.2d 1072 (5th Cir. 1972), *cert. denied*, 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1973). A notice of appeal must be timely filed if the court of appeals is to obtain jurisdiction over an appeal. *Browder v. Illinois Department of Correction*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

Appellant concedes that the August 25 appeal would be untimely if his Rule 59(e) motion were not *served* upon appellees within ten days after the entry of judgment. He contends, however, that the certificate of mailing contained in his Rule 59(e) motion, reinforced by a later filed affidavit from his secretary, suffices to show timely service.[4]

---

1. On August 11, 1987, after the lower court had disposed of the Rule 59(e) motion, appellees filed in the district court an "Informative Motion" calling to its attention that they had never been served with copies of the Rule 59(e) motion. It was for this reason, *i.e.,* their lack of knowledge of the motion, that they had filed no opposition. In response to appellees' motion, appellant's counsel sent a letter to all opposing counsel on August 18, 1987, enclosing a copy of the Rule 59(e) motion, and stated, "I don't know why you didn't receive copies but my instructions were very clear as in all cases to forward copies to each party. This is our usual practice in all cases."

2. Rule 59 states in relevant part,
    (e) **Motion to Alter or Amend a Judgment.** A motion to alter or amend the judgment shall be *served* not later than 10 days after entry of the judgment.
    (Emphasis added.)

3. Fed.R.App.P. 4(a)(4).

4. Appellant's Rule 59(e) motion contained at the end the terse assertion that "a true copy of this motion was mailed to all other counsel in this action."
    Appellant's secretary, Ms. Morera, stated in an affidavit which appellant has since filed with this court that,
    [I]t has been my custom ... to make copies of all pleadings and motions after [the attorney] has signed them, put the copies in envelopes addressed to all counsel who have appeared in the lawsuit, put the proper postage on the envelope, seal the envelope, and upon leaving for the day put the envelopes in the mail-box outside of the post-office which is only about 200 feet from our office building.
    a) I do not recall ever deviating from the aforedescribed practice.
    No reference is made in her affidavit to mailing copies of the particular motion in question, nor are the names and addresses of the particular individuals served shown.

■ Service by mail is complete upon mailing, Fed.R.Civ.P. 5(b), even if it is not received.[5] *Rifkin v. United States Lines,* 24 ·F.R.D. 122, 123 (S.D.N.Y.1959); 2 *Moore's Federal Practice* ¶ 5.07 (1987); C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1148 (1987). However, the burden of showing that service was made is on the moving party. *Daley v. ALIA,* 105 F.R.D. 87 (E.D.N.Y.1985); *Mroz v. Dravo Corp.,* 293 F.Supp. 499 (W.D.Pa. 1968), *aff'd,* 429 F.2d 1156 (3d Cir.1970). Given the important consequences that flow from the service of pleadings and other papers, courts have required the "strictest and most exacting compliance" with Rule 5(b) when service is made by mail. *Timmons v. United States,* 194 F.2d 357, 360 (4th Cir.), *cert. denied,* 344 U.S. 844, 73 S.Ct. 59, 97 L.Ed. 656 (1952). We conclude that appellant has failed to meet his burden of proving that appellees were properly served with his Rule 59(e) motion within ten days after the entry of judgment.

A threshold question for us to decide is whether the Rule 59(e) motion was mailed to the opposing attorney at counsel's "last known address," Fed.R.Civ.P. 5(b); *Freed v. Plastic Packaging Materials, Inc.,* 66 F.R.D. 550, 552 (E.D.Pa.1975), within the ten-day period after entry of judgment. For service by mail to be valid under Rule 5(b) the pleading or document has to be "placed in an envelope addressed to the last known address of the opposing attorney—or party when service on a party is proper—and deposited in a United States Post Office or post office box." C. Wright & A. Miller, *Federal Practice and Procedure* § 1148, at 432–33.

Appellant contends that the certificate of service contained in his motion raises a rebuttable presumption that he made proper and timely service by mail. That certificate, however, did not state the names and addresses of those allegedly served. While Fed.R.Civ.P. 5 does not detail the contents of a proof of service, *Timmons,* 194 F.2d at 360, many district courts, including the Dis-

trict of Puerto Rico, have promulgated local rules on the subject. *See* C. Wright & A. Miller, *Federal Practice and Procedure* § 1150. The relevant local rule of the United States District Court for the District of Puerto Rico, where this action was brought, is Rule 311.3, which states as follows:

> The movant and respondent shall serve copies of their respective papers upon all parties on or before the date that they are filed with the Clerk, and such papers must indicate the date and method of service. *The certificate of service shall indicate the date, method of service and the names and addresses of all persons or firms served.*

(Emphasis supplied.)

This rule is consistent with Fed.R.Civ.P. 5's requirement that mailing be to an attorney at his last known address. *See* note 5, *supra.* Appellant's certificate of service incorporated in his Rule 59(e) motion clearly did not pass muster under Local Rule 311.3. The certificate says only that "a true copy of this motion was mailed to all other counsel in this action." The names and addresses of counsel to whom mailed are conspicuously absent. We see no question as to the validity of Local Rule 311.3 in these circumstances. 28 U.S.C. § 2071 (1982). *See generally United States v. Klubock,* 832 F.2d 649, 652–53 (1st Cir. 1987). Assuming, arguendo, that a proper certificate of service attached to a motion would raise a presumption of valid service, *see* C. Wright & A. Miller, *Federal Practice and Procedure* § 1150, appellant cannot obtain the benefits of such a presumption where he has failed to comply with the local rule's basic requirements for a proper certificate of service.

■ Appellant's situation is not improved by the affidavit of Ms. Morera, secretary to his counsel. Ms. Morera states that it is her customary practice to mail copies of all pleadings and motions to all counsel who have appeared in the lawsuit,

---

**5.** Fed.R.Civ.P. 5 provides for service to be made by mail upon a party's attorney. Service is made "by mailing [a copy] to the attorney ... at the attorney's ... last known address.... Service by mail is complete upon mailing."

and that she does not recall ever deviating from this practice. However, she does not swear that she recollects mailing copies of the particular motion in question and does not list the relevant names and addresses.

■ Given the facts that the four opposing attorneys all denied receiving copies of the Rule 59(e) motion; that they seasonably notified the district court of this omission once the court's ruling apprised them of the motion; that the certificate of service did not satisfy the requirements of the local rule; and that the secretary's affidavit filed by appellant adds little or nothing, we hold that appellant did not produce evidence sufficient to carry his burden of demonstrating that the motion was properly served within ten days after entry of the judgment. *Cf. Timmons,* 194 F.2d 357 (attorney's certificate of service is sufficient to establish service in the absence *of any requirements as to the form of proof* and of a *seasonable objection* ); *Bowers v. E.J. Rose Manufacturing Co.,* 149 F.2d 612, 613–14 (9th Cir.) (attorney's affidavit stating that he mailed a copy of the document to opposing counsel and stating the specific address where it was mailed is not sufficient for the district court to conclude that proper service was made, when the affidavit does not give the date of the claimed service by mail nor states that the address to which the document was mailed was the last known address), *cert. denied,* 326 U.S. 753, 66 S.Ct. 91, 90 L.Ed. 451 (1945); *Rifkin v. United States,* 24 F.R.D. 122 (two affidavits of counsel stating that the document was served upon opposing counsel and that the latter acknowledged receipt of the document, together with an affidavit by a third person swearing that he served the document by mailing it to plaintiff's counsel at his last known address, are sufficient for the court to conclude that the document was properly served). As the Rule 59(e) motion was not shown to have been timely, it did not toll the time for appealing. The August 25 notice of appeal was accordingly itself out of time. We must dismiss appellant's August 25, 1987, appeal for lack of appellate jurisdiction.

## III.

Rivera also appeals from the district court's order denying his Rule 60(b)(2) motion. Appellant's motion sought relief on the ground of newly discovered evidence.

In his Rule 60(b)(2) motion appellant informed the district court that subsequent to the court's judgment, the United States Coast Guard Marine Safety Officer in Ponce, Puerto Rico, conducted an on-site investigation concerning the interpretation of the district court's order in this case, supposedly concluding that the court's interpretation has created "a potentially dangerous situation" in and about the port area. Rivera requested a reopening of the case based upon this "new evidence." The district court denied the motion on September 30, 1987.

A motion for relief from a final judgment pursuant to Rule 60(b) is addressed to the discretion of the district court, *Dankese v. Defense Logistics Agency,* 693 F.2d 13, 15 (1st Cir.1982), may be granted only under exceptional circumstances, *Lepore v. Vidockler,* 792 F.2d 272, 274 (1st Cir.1986), and may be reviewed only for abuse of discretion, *Browder v. Illinois Department of Correction,* 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7.

■ The district court did not abuse its discretion in denying appellant's motion. The court could properly conclude that the "evidence" tendered by Rivera does not meet the requirements of Rule 60(b)(2). Under the latter, "newly discovered evidence" normally refers to "evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." *Brown v. Pennsylvania Railroad Co.,* 282 F.2d 522, 526–27 (3d Cir.), *cert. denied,* 365 U.S. 818, 81 S.Ct. 690, 5 L.Ed.2d 696 (1960); *Goland v. CIA,* 607 F.2d 339, 371 n. 12 (D.C.Cir.1979), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980). *See also* C. Wright & A. Miller, *Federal Practice and Procedure* § 2859. It was open to the district court to regard the "new evidence" here as being "evidence" that came into existence after the court's judgment. Therefore, "it is not newly discovered evidence within the mean-

ing of the rules." *Corex Corp. v. United States,* 638 F.2d 119, 121 (9th Cir.1981).

*The appeal from the judgment of June 17, 1987, is dismissed, and the district court's order denying the Rule 60(b)(2) motion is affirmed.*