943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 NISSAN MOTOR ACCEPTANCE CORPORATION, Plaintiff-Appellee,
v.
SALYER OLDS-CADILLAC-NISSAN CO., Brad F. Salyer, Carolyn
Jane Salyer, Defendants-Appellants,
and
General Motors Acceptance Corporation, Defendant.
 Nos. 90-6179, 90-6352.
 United States Court of Appeals, Tenth Circuit.
 Sept. 6, 1991.
 
 Before SEYMOUR and EBEL, Circuit Judges, and BABCOCK,* District Judge.
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 The district court granted default judgment in favor of plaintiff on counts III and IV of the third amended complaint and granted attorney's fees to plaintiff on all counts. The court also granted plaintiff's motion for summary judgment on defendants' counterclaim. Defendants argue on appeal that (1) the district court erred in granting plaintiff a default judgment on counts III and IV; (2) the district court erred in granting summary judgment on the counterclaim; and (3) the district court erred in granting attorney's fees to plaintiff. We affirm.
 
 I.
 
 3
 On January 19, 1990, plaintiff filed a motion for leave to file its third amended complaint, which sought relief in counts III and IV for additional retail installment contracts. The order allowing plaintiff to file this complaint was dated January 22, 1990. On March 16, 1990, plaintiff filed a motion for default judgment on counts III and IV because defendants had not answered. The district court granted the motion.
 
 
 4
 Defendants contend that the district court erred in entering the default judgment because they were never served with the third amended complaint or with the district court's order permitting its filing, and they have a meritorious defense to those counts. Defendants concede in their brief on appeal that they were consulted by plaintiff prior to its seeking permission from the court to file the third amended complaint, and that defendants had no objection. Amended Brief of Appellant at 6. Defendants then state:
 
 
 5
 "Thereafter, defense counsel received the application to file the third amended complaint with the pleading attached. However, contrary to Federal Rules of Civil Procedure, Rule 15, no service was ever made of the third amended complaint upon the Defendants. The Defendants knew that a third amended complaint was contemplated by the Plaintiff. However, mere contemplation does not equate with service. No service date was ever accomplished, so therefore, no answer date was docketed within defense counsel's office."
 
 
 6
 Id. at 6-7 (emphasis in original). Defendants also assert that they never received a copy of the district court order permitting the filing of the third amended complaint, and that they therefore were not obligated to answer.
 
 
 7
 The district court did not specifically address the issue of service. Instead, the court granted the default based on its conclusion that defendants' awareness of the motion for leave to file the third amended complaint was sufficient to put defendants on notice of the new allegations, and on defendants' failure to assert a meritorious defense in their request to file an answer to the third amended complaint.
 
 
 8
 The defendant bears the burden of establishing that a default judgment should be set aside. Nikwei v. Ross School of Aviation, Inc., 822 F.2d 939, 941 (10th Cir.1987). We accord great deference to the district court's determination regarding default judgment, since it is most familiar with the circumstances of the case and in the best position to evaluate the good faith and credibility of the parties. Id. We will not disturb the district court's decision unless it is "clearly wrong". Id.
 
 
 9
 Under Fed.R.Civ.P. 5(a) and (b), "every order required by its terms to be served, [and] every pleading subsequent to the original complaint" may be served by mail upon the opposing party's attorney. Service by mail upon opposing counsel is complete upon mailing, Fed.R.Civ.P. 5(b); Mid-Continent Casualty Co. v. Everett, 340 F.2d 65, 69 (10th Cir.1965); Claybrook Drilling Co. v. Divanco, Inc., 336 F.2d 697, 700 (10th Cir.1964), even if the mailing was not received, Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632-33 (11th Cir.1988); Rivera v. M/T Fossarina, 840 F.2d 152, 155 (1st Cir.1988); 4A C. Wright & A. Miller, Federal Practice & Procedure, § 1148 at 431-32 (1987).
 
 
 10
 Upon granting the motion for leave to file the third amended complaint, the district court directed plaintiff to mail a copy of the order granting the motion to defendants' counsel. In an affidavit supporting plaintiff's request to enter default, plaintiff's counsel stated that the order "was served on counsel of record for the defendants by mailing a copy, postage prepaid...." Defendants do not dispute plaintiff's statement that it mailed the copy of the third amended complaint to defendants. Although defendants contend that they did not receive the copy, they did not file an affidavit to that effect. Because lack of receipt alone will not invalidate service, we conclude plaintiff met its burden of proving defendants were served. See Rivera, 840 F.2d at 155; 4A Wright & Miller, § 1148 at 431-32 ("nonreceipt ... of the papers generally does not affect its validity, although nonreceipt may justify a finding of excusable neglect").
 
 
 11
 Defendants also contend the district court abused its discretion in entering default judgment because they asserted a meritorious defense and consistently appeared in and defended this action. The record fully reflects the district court's findings that defendants failed to assert a meritorious defense and were dilatory in meeting their litigation responsibilities. Accordingly, defendants failed to meet their burden of establishing an abuse of discretion by the district court.
 
 II.
 
 12
 Defendants' second argument is that the district court erred in granting plaintiff's motion for summary judgment on defendants' counterclaim. In their counterclaim, defendants alleged plaintiff breached the terms of their agreement. Plaintiff argued that because the automobile dealership had been sold, defendants no longer had an interest in the controversy raised in the counterclaim. In granting summary judgment, the district court determined, based on the clear, unambiguous language of the sales agreement, that the sale of the automobile dealership, which occurred after this action was commenced but before the counterclaim was filed, included all assets and choses in action, thereby precluding the counterclaim. Defendants contended in the district court, and continue to contend on appeal, that the sale did not include choses in action.
 
 
 13
 We review a decision of the district court granting summary judgment de novo. Missouri Pac. R.R. v. Kansas Gas & Elec. Co., 862 F.2d 796, 798 (10th Cir.1988). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 14
 The sales agreement provided for the sale of "the entire assets ... of the business ..., and Sellers' rights under or to all contracts ... made by or granted to the Sellers in connection with such business...." Nothing in the agreement indicated defendants reserved choses in action when they sold the automobile dealership. Because the contract language is clear, it governs the interpretation of the contract. See Okla.Stat. tit. 15, § 154. Accordingly, we conclude the district court correctly granted summary judgment in plaintiff's favor on the counterclaim.
 
 III.
 
 15
 Defendants' final argument is that the district court erred in awarding attorney's fees to plaintiff. Defendants first contend that plaintiff is not entitled to attorney's fees because defendants made an offer of judgment in excess of the jury's verdict on counts I and II. This contention is without merit. Nothing in the record indicates defendants made a written offer of judgment. See Fed.R.Civ.P. 68; see also Hicks v. Lloyd's Gen. Ins. Agency, Inc., 763 P.2d 85, 86-87 (Okla.1988) (formal offer made).
 
 
 16
 Defendants also assert that plaintiff is not entitled to attorney's fees because the arbitration award on counts I and II was less than the jury verdict. Neither the 1989 nor the 1985 version of Western District of Oklahoma Rule 43(P) precludes an award of attorney's fees to plaintiff even if, as here, the jury's award was less than the arbitration award. Because the agreement between the parties and Oklahoma law provided for an award of attorney's fees, see Okla.Stat. tit. 12, § 936, the district court did not err in awarding attorney's fees to plaintiff.
 
 
 17
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3