7 F.3d 226
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Elsie M. SLOAN, Plaintiff-Appellant,
v.
BERTELSMANN MUSIC GROUP, INCORPORATED, Defendant-Appellee.
 No. 92-1825.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 19, 1993.
Decided: September 16, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., District Judge. (CA-91-3487-7-20)
 Edward M. Sauvain, Culbertson, Christophillis, Sauvain, Greenville, South Carolina, for Appellant.
 Fred W. Suggs, Jr., Mary Lou Hill, Ogletree, Deakins, Nash, Smoak & Stewart, Greenville, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS, NIEMEYER, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Elsie Sloan appeals from the district court's orders denying her motions for reconsideration of the court's order granting the Defendant's unopposed motion for summary judgment.[1]
 
 
 2
 Sloan filed a Complaint in 1991 in which she alleged that she was injured while attending a music concert on Bertelsmann Music Group's (BMG) premises. Sloan was an employee of BMG at the time of the accident. In January 1992, BMG filed a Motion for Summary Judgment in which it claimed that Sloan's exclusive remedy was under the South Carolina Workers' Compensation Act. S.C. Code Ann. § 42-1-540 (Law. Co-op. 1992). BMG's motion was accompanied by an affidavit from David Pfeiffer, Manager of BMG's Employee Relations, which stated that Sloan was an employee at the time of the accident and was injured while acting as an employee. Sloan did not respond. Her attorney claimed later that (1) he had the wrong phone number for Sloan and was unable to reach her, and (2) he thought that there would be a hearing on the summary judgment motion and was waiting for notice of such hearing.
 
 
 3
 The district court granted summary judgment to BMG on February 26, 1992. This order was not appealed. Instead, on March 25, 1992, Sloan filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1) in which she asserted that she was entitled to relief from the judgment due to her attorney's errors. The district court denied this motion on May 19, 1992. On May 28, Sloan filed a Motion toAlter or Amend Judgment in which she repeated the same arguments she had made in her Rule 60(b) motion. This motion was also denied. Sloan appeals only the latter two rulings.
 
 
 4
 Because Sloan's notice of appeal was not filed within thirty days of the entry of the May 19 order, and because no motion for extension of time within which to note the appeal was filed within the ensuing thirty day period, this Court is without jurisdiction to review the May 19 order. Fed. R. App. P. 4(a). Our review is limited to the May 28 order denying Sloan's Motion to Alter or Amend Judgment. In addition, because that motion was not accompanied by a certificate of service, we construe it as one filed pursuant to Fed. R. Civ. P. 60(b). See Fed. R. Civ. P. 59; Rivera v. M/T Fossarina, 840 F.2d 152, 154 (1st Cir. 1988).
 
 
 5
 This Court reviews a district court's denial of a motion made pursuant to Rule 60(b) for abuse of discretion. Werner v. Carbo, 731 F.2d 204, 206 (4th Cir. 1984). To be eligible for relief under Rule 60(b), the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. Compton v. Alton S.S., 608 F.2d 96, 102 (4th Cir. 1979). Once the movant has satisfied these requirements, he must then satisfy at least one of the six grounds for relief provided in Rule 60(b), here, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Even if Sloan were to satisfy the requirements enunciated in Compton, her attorney's errors do not qualify as excusable neglect. See Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) ("[W]e have consistently declined to relieve a client under [Rule 60(b)(1) ] of the 'burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload' " (quoting United States v. Cirami, 535 F.2d 736, 739 (2d Cir. 1976)). Therefore, we find that the district court did not abuse its discretion by refusing to reconsider its previous order denying relief from its original order awarding summary judgment to the Defendant.[2]
 
 AFFIRMED
 
 
 [1]
 Sloan's Notice of Appeal states that she appeals only the district court's orders denying her motions for relief from judgment under Fed. R. App. P. 60(b) and to alter or amend judgment under Fed. R. App. P. 59, not the underlying order granting summary judgment to the Defendant
 
 
 [2]
 In light of this disposition, BMG's motion to supplement the record on appeal is denied