48 F.3d 1237
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Robert W. KEARNS, Plaintiff-Appellant,
v.
CHRYSLER CORPORATION, Defendant,*
and
Arnold, White & Durkee Corporation, Movant-Appellee,
and
Reed Smith Shaw & McClay, Movant-Appellee.
 No. 95-1016.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1995.
 
 E.D.Mich.
 MOTIONS DISMISSED.
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 Arnold, White & Durkee Corporation (AWD) and Reed Smith Shaw & McClay (Reed Smith) both move to dismiss Robert W. Kearns's appeal as untimely. AWD and Reed Smith state that Kearns opposes the motions and will file a response and that Chrysler takes no position and will not respond. Kearns has not filed a response and moves for an extension of time to file his brief. Reed Smith opposes.
 
 
 2
 Briefly, AWD represented Kearns in his infringement case against Chrysler until shortly before trial. Kearns then dismissed AWD as counsel. Reed Smith represented Kearns in the liability phase of his trial against Chrysler. Reed Smith withdrew with the consent of the district court. AWD and Reed Smith then sought recovery of legal fees from Kearns. After reviewing a report and recommendation issued by the magistrate, the district court entered judgment granting legal fees to AWD and Reed Smith on August 30, 1994. On September 9, 1994, Kearns filed a Fed.R.Civ.P. 59(e) motion for reconsideration. The certificate of service showed that Kearns served Chrysler Corporation. However, he did not serve AWD or Reed Smith. The district court denied the Rule 59(e) motion on September 15, 1994. AWD and Reed Smith state that the district court's order was their first notice that a Rule 59(e) motion had been filed. Kearns filed a notice of appeal in this court on October 6, 1994.
 
 
 3
 AWD and Reed Smith seek dismissal on the ground that Kearns failed to serve them with his motion for reconsideration and, therefore, it was not a timely Rule 59(e) motion that tolled the time for appeal. Thus, AWD and Reed Smith maintain that Kearns's notice of appeal, filed more than 30 days after entry of judgment, is untimely.
 
 
 4
 Rule 59(e) states that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." The timeliness of a Rule 59(e) motion "is determined by the date it is served, not by the date it is filed." Rivera v. M/T Fosarina, 840 F.2d 152, 154 (1st Cir.1988) (citing Callahan v. Shultz, 783 F.2d 1543, 1546 (11th Cir.1986) and Harcon Barge Co. v. D & G Boat Rentals, Inc., 746 F.2d 278, 285 n. 5, 289 (5th Cir.1984), cert. denied, 479 U.S. 930 (1986)). Rule 59(e) motions "must be filed and served within ten days" of entry of judgment. Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668 (5th Cir.) (in banc), cert. denied, 479 U.S. 930 (1986).
 
 
 5
 Additionally, Fed.R.Civ.P. 5(a) provides, in pertinent part, that "every written motion ... shall be served upon each of the parties" and that "[s]ervice upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the attorney's or party's last known address...." Although Kearns filed and served his Rule 59(e) motion on Chrysler within 10 days of the entry of judgment, it is evident from Kearns's certificate of service that he failed to serve the motion on AWD and Reed Smith. Moreover, Kearns knew which parties to serve in the case. For example, Kearns served other papers, namely his objection to the magistrate's report and recommendation and his notice of appeal, on all parties.
 
 
 6
 In Wilson Sporting Goods v. David Geoffrey & Assoc., 904 F.2d 677 (Fed.Cir.1990), this court addressed the issue of the timeliness of a Fed.R.Civ.P. 50(b) motion that was served, but not filed, within "10 days after entry of judgment." Relying on a Sixth Circuit case involving similarly worded Fed.R.Civ.P. 52(b), we concluded that service of the motion was a critical element of the rule. Wilson, 904 F.2d at 682 (relying on Keohane v. Swarco, Inc., 320 F.2d 429 (6th Cir.1963)).
 
 
 7
 In Rivera, the First Circuit held that a Rule 59(e) motion that was filed but not served on the parties within 10 days of the entry of judgment did not toll the time for filing a notice of appeal. Rivera, 840 F.2d at 156. The other cases teach us that it is the date of service that is critical for determining whether a post-judgment motion had been timely made. Because Kearns failed to serve his Rule 59(e) motion on AWD and Reed Smith, the motion was not timely served and did not toll the time for filing a notice of appeal.
 
 
 8
 Thus, Kearns's notice of appeal, filed more than 30 days after judgment was entered, is untimely.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) AWD's and Reed Smith's motions to dismiss appeal no. 95-1016 are granted.
 
 
 11
 (2) Kearns's motion for an extension of time to file his brief is moot.
 
 
 12
 (3) All sides shall bear their own costs.
 
 
 13
 (4) The revised official caption is reflected above.
 
 
 
 *
 The main portion of the Chrysler case was before this court in appeal no. 93-1450, -1470, which was decided on August 11, 1994. Still pending before the United States District Court for the Eastern District of Michigan at that time were ancillary issues concerning the legal fees of Reed Smith Shaw & McClay (Reed Smith) and Arnold, White & Durkee Corporation (AWD). The district court has now entered an order granting legal fees to Reed Smith and AWD. Kearns appeals this order. Thus, Chrysler is not a party for purposes of this appeal. However, both Reed Smith and AWD have filed motions to dismiss this appeal