56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Charles W. TURNER, Plaintiff-Appellant,
v.
CENTRAL STATES PENSION FUND, Defendant-Appellee.
 No. 94-3461.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1995.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Charles W. Turner appeals the judgment of the district court denying his motion to vacate judgment. We AFFIRM.
 
 I.
 
 2
 Plaintiff brought suit in 1986 against defendant Central States Pension Fund pursuant to section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sec. 1132, and Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. The suit challenged the effective date of disability benefits Central States awarded him. The litigation was later stayed to allow Central States to process plaintiff's claim under the terms of amendments to the pension plan resulting from the settlement of two class action lawsuits ("Dutchak-Sullivan Settlement Agreement"), of which plaintiff was a member. Plaintiff's effective date of disability was changed to September 1974, and he was paid pension benefits retroactive from July 1, 1985 to September 1974. Still dissatisfied, plaintiff asked the district court to review the award of benefits. The district court concluded that plaintiff had failed to exhaust his internal administrative procedures after[1] the award of benefits pursuant to the Dutchak-Sullivan settlement and entered judgment in favor of Central States. Plaintiff did not appeal from the judgment.
 
 
 3
 Instead, plaintiff sought review by the Special Hardship Appeals Committee, which determined that it lacked jurisdiction, but invited plaintiff to appeal to the Board of Trustees. (J.A. 349.) Plaintiff, however, filed the motion to vacate under Fed. R. Civ. P. 60(b)(2) and (3). He claimed that, as a result of the most recent decision by the SHAC that it could not hear his appeal, he had newly discovered that no administrative remedies were available. See Fed. R. Civ. P. 60(b)(2). Alternatively, plaintiff alleged defendant had misrepresented to the court the availability of administrative remedies. See Fed. R. Civ. P. 60(b)(3). The district court disagreed, based upon its review of the events occurring after the litigation was dismissed. This appeal followed.
 
 II.
 
 4
 Our review of a district court's grant or denial of a motion under Rule 60(b) is for abuse of discretion. Davis by Davis v. Jellico Community Hosp., Inc., 912 F.2d 129, 133 (6th Cir. 1990). In other words, we will not reverse unless we are convinced "that the trial court committed a clear error of judgment." Id. (internal quotation omitted).
 
 
 5
 We find none. Plaintiff's claim under Rule 60(b)(2) fails, because the alleged evidence--that SHAC had no jurisdiction over his appeal--was evidence that came into existence after judgment was entered and thus does not qualify as "newly discovered evidence" under the rule. Rivera v. M/T Fossarina, 840 F.2d 152, 156 (1st Cir. 1988) (and citations therein). Nor has plaintiff established fraud. Central States did not mislead plaintiff as to the availability of remedies, because the record reflects that administrative remedies were, and are, clearly available. This contention is utterly without merit.
 
 
 6
 The thrust of plaintiff's appeal is an attack on the underlying judgment. Yet, "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 n.7 (1978); Amernational Indus., Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.), cert. denied, 501 U.S. 1233 (1991). We therefore need not consider plaintiff's remaining arguments.
 
 
 7
 For the foregoing reasons as well as those stated in the district court's March 24, 1994 decision and entry overruling plaintiff's motion to vacate judgment, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 It is undisputed that plaintiff properly exhausted his administrative remedies before filing suit but prior to the reconsideration of his claim under Dutchak