**Luis Adrian RIVERA POMALES, Marisell Sierra, Plaintiffs,**

v.

**BRIDGESTONE FIRESTONE, INC., Defendant.**

No. CIV.02–2324(JP).

United States District Court, D. Puerto Rico.

Aug. 5, 2004.

Michelle Pirallo–Di Cristina, Esq., Pinto–Lugo, Oliveras & Ortiz, PSC, San Juan, P.R., for Plaintiffs.

Salvador Antonetti–Zequeira, Esq., Banco Popular de Puerto Rico, San Juan, P.R., for Defendant.

### *OPINION AND ORDER*

PIERAS, Senior District Judge.

### I. INTRODUCTION

The Court has before it Plaintiffs' "Motion for New Trial" (**docket No. 109**) and "Bridgestone/Firestone Inc.'s Response to Plaintiffs' Motion for New Trial" (docket No. 115).

The Court's "Final Judgment" (docket No. 99) dismissed with prejudice Plaintiffs' claims against Defendant without the imposition of costs or attorney fees. Plaintiffs' motion for a new trial, filed on June 29, 2004, alleges that on February 24, 2004, Defendant voluntarily recalled the type of defective tire that caused Plaintiff Rivera's injuries. Plaintiffs argue that this recent recall makes it "evident that the tire in [Plaintiff Rivera's] car was a defective tire, manufactured and dis-

tributed by [Defendant] and as such, [Defendant] is liable for [Plaintiffs'] damages."

## II. FEDERAL RULE OF CIVIL PROCEDURE 60(b)(2) [1]

■ Federal Rule of Civil Procedure 60(b)(2) states that "the court may relieve a party ... from a final judgment ... [in light of] newly discovered evidence ...". However, Rule 60(b)(2)'s "newly discovered evidence" normally refers to "evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." *Rivera v. M/T Fossarina*, 840 F.2d 152, 156 (1st Cir.1988) (citations and quotation marks omitted). In other words, "evidence that comes into existence after the court's judgment ... is not newly discovered evidence within the meaning of [Rule 60(b)(2) ]." *Id.* at 156–157 (citations and quotation marks omitted).

■ The Court entered its "Final Judgment" in this case on August 22, 2003. The newly discovered evidence at issue here, the alleged tire recall, came into existence approximately six months later on February 24, 2004, and therefore cannot qualify as new evidence under Rule 60(b)(2).

■ Moreover, "evidence concerning subsequent remedial measures generally is not admissible at trial ...". *Trull v. Volkswagen of America, Inc.*, 187 F.3d 88, 96 (1st Cir. 1999). In other words, granting Plaintiffs' request a new trial would be a waste of time because the Court could not admit the alleged tire recall evidence. *See Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., Inc.*, 953 F.2d 17, 20 (1st Cir.1992) (holding that "it is the invariable rule, and thus, the rule in this circuit, that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise").

Finally, allowing evidence of the tire recall in a new trial would also be futile because the Court previously found Plaintiffs' expert un-

qualified to testify in this case and therefore Plaintiffs still do not have evidence that the specific tire at issue in this case was defective. *See id.*

## III. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Plaintiffs' "Motion for New Trial" **(docket No. 109).**

**IT IS SO ORDERED.**

1. Though Plaintiffs fail to explain upon which subsection of 60(b) their motion for a new trial is based, the most fair reading of their motion suggests it is a motion for a new trial based upon new evidence, that is, Rule 60(b)(2).