Frederick FEINSTEIN, Plaintiff, Appellant,

v.

Morris and Joyce MOSES, d/b/a Sun-Cal Products, Defendants, Appellees.

No. 91–1023.

United States Court of Appeals, First Circuit.

Submitted May 29, 1991.

Decided Dec. 12, 1991.

---

Frederick Feinstein, on brief, pro se.

Jan A. Glassman, Mofenson & Nicoletti, Newton, Mass., on Motion for Summary Disposition.

Before BREYER, Chief Judge,
CAMPBELL and SELYA, Circuit Judges.

SELYA, Circuit Judge.

Plaintiff-appellant Frederick Feinstein appeals a Massachusetts district court order that dismissed his pro se complaint on the ground that the district court lacked personal jurisdiction over the defendants. Although neither party raises the issue, we are duty bound to assess the propriety of our own jurisdiction. *See, e.g., Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 41 (1st Cir.1988). On this record, we are compelled to hold that appellate jurisdiction is lacking.

## I.

On March 14, 1990, Feinstein filed a complaint for injunctive relief and damages arising from the defendants' alleged breach of contract and infringement of Feinstein's patent to a fluid sprayforming showerhead device. Feinstein claimed that the defendants sold these devices under a contract with him and that the defendants owed him over $100,000 under the terms of the contract. Feinstein further claimed that the defendants were manufacturing and selling counterfeit showerheads in violation of his patent rights.

The defendants moved to dismiss Feinstein's complaint on two grounds. They said (1) that the district court lacked personal jurisdiction over them and (2) that Feinstein had a prior action pending against them in a California superior court.[1] The defendants' motion to dismiss was buttressed by affidavits from defense counsel and from Joyce Moses, a defendant. Feinstein filed an opposition to the motion to dismiss, along with affidavits and a supporting memorandum.

On October 12, 1990, the district court issued an order granting the motion to dismiss. The court determined that the defendants' business, Sun–Cal Products, was, in effect, no more than a "passive purchaser" of Feinstein's products. As such, the defendants lacked sufficient contacts with Massachusetts to allow the court to exercise personal jurisdiction over them. *See Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1084 (1st Cir.1973). A judgment of dismissal entered on October 16, 1990.

On November 8, 1990, plaintiff filed a motion to enlarge the time for filing a motion for reconsideration. The district court granted this motion a week later.[2]

On November 21, Feinstein filed a "Petition to Reconsider Dismissal." On November 29, the district court endorsed a photocopy of the front page of this petition "Denied for reasons stated in [the] order of dismissal." This order was entered on the docket on December 4, 1990. On January 3, 1991, exactly thirty days from the entry of the December 4, 1990 order, the plaintiff filed his notice of appeal seeking to appeal from both the October 16, judgment and the December 4 order.

## II.

Federal Rule of Appellate Procedure 4(a)(1) provides that in a civil case in which the United States (or an officer or agency thereof) is not a party, a notice of appeal "shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from...." The judgment dismissing Feinstein's action was entered on October 16, 1990. Thus, his notice of appeal was due to be filed by November 15, 1990, unless the filing thereof was tolled for some reason.

While the timely service of a motion for reconsideration will toll the time in which an aggrieved litigant must file a notice of appeal, *see* Fed.R.Civ.P. 59(e), an untimely motion for reconsideration will not. *See Browder v. Director, Dept. of Corrections*, 434 U.S. 257, 264–65, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978); *Pinion v. Dow Chemical, U.S.A.*, 928 F.2d 1522, 1525 (11th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 438, 116 L.Ed.2d 457 (1991). Rather, "an untimely motion for reconsideration ... [is] a nullity and [will] not toll the time in which to appeal even though the court considered and denied the motion on its merits." *Flint v. Howard*, 464 F.2d 1084, 1086 (1st Cir.1972).

---

1. The defendants moved in the alternative to transfer venue to California under 28 U.S.C. § 1400(b). While the defendants raise the venue argument on appeal, we, like the district court, need not reach it.

2. We note that the docket reflects two rulings on this motion. The first entry indicates that the motion was allowed on November 15, 1990. A photocopy of the motion is so endorsed. The second entry indicates that on December 4, 1990, the court ruled that the motion to enlarge was moot because Feinstein's motion for reconsideration had been denied on the merits. The original motion bears this second endorsement. We assume that the first ruling controls, and that Feinstein received notice on or after November 15, 1990 that his motion to enlarge was granted.

Rule 59(e) gives an aggrieved party ten days within which to accomplish this task. Since intermediate weekends are excluded in calculating this ten-day period, *see Roque-Rodriguez v. Lema Moya*, 926 F.2d 103, 107 (1st Cir.1991); *see also* Fed.R.Civ.P. 6(a), Fed.R.Civ.P. 59(e), Feinstein had until October 30, 1990 to serve a timely motion for reconsideration of the October 16 judgment. It was only after this time had expired that Feinstein filed and served his motion to enlarge.

█ In retrospect, the minute order allowing Feinstein's motion to enlarge was clear error. It is well established that district courts lack power to enlarge the time for filing post-judgment motions for a new trial or motions to alter or amend the judgment (often referred to as motions for reconsideration). *See Rivera v. M/T Fossarina*, 840 F.2d 152, 154 (1st Cir.1988) ("The ten-day limitation period of Rule 59(e) 'is one of the few limitary periods which the court has no power to enlarge.' ") (citations omitted); *Elias v. Ford Motor Co.*, 734 F.2d 463, 466 (1st Cir.1984); *Scola v. Boat Frances R., Inc.*, 618 F.2d 147, 153 (1st Cir.1980) ("a timely motion in the district court under Rule 59(e) ... must be made within ten days of judgment, and, under Rule 6(b), that time may not be extended"); *see generally* 11 C. Wright & A. Miller, *Federal Practice and Procedure: Civil § 2817* at 109 (1973). Where the district court was without jurisdiction to enlarge the time for Feinstein to bring his motion for reconsideration, his motion was late, and did not toll the time for filing the notice of appeal.[3] Feinstein did not file his notice of appeal until forty-nine days after the judgment of dismissal was entered. The timely filing of a notice of appeal is mandatory and jurisdictional. *See Brow-*

*der*, 434 U.S. at 264, 98 S.Ct. at 560–61. As Feinstein's notice was filed too late, we lack jurisdiction over any appeal from the October 16, 1990 judgment.

█ The Supreme Court has recognized that an appellate court may relax the application of the aforementioned rules where an appellant has filed a belated motion for reconsideration and relied on the district court's statement that the motion was timely in forgoing the timeous filing of a notice of appeal. *See Thompson v. INS*, 375 U.S. 384, 386–87, 84 S.Ct. 397, 398–99, 11 L.Ed.2d 404 (1963) (per curiam). We have construed this exception as one "limited to cases where the district court took actions or made statements directly related to the timeliness of a party's motion [for reconsideration]." *Flint v. Howard*, 464 F.2d at 1087 (that the district court accepted two late motions for reconsideration and the clerk requested supporting memoranda from counsel were not acts so misleading as to justify tolling the appeal period). More recently, the Court has observed that this "unique circumstances" exception "applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has *received specific assurance by a judicial officer* that this act has been properly done." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 178–79, 109 S.Ct. 987, 992–93, 103 L.Ed.2d 146 (1989) (emphasis supplied). In the aftermath of *Osterneck*, many courts have questioned the continuing vitality of the unique circumstances exception. *See, e.g., Varhol v. National R.R. Passenger Corp.*, 909 F.2d 1557, 1562 (7th Cir. 1990) (collecting cases). Assuming, without deciding, that in the absence of an express Supreme Court ruling to the contrary, *Thompson* remains good law, the

---

3. We note that Feinstein's petition for reconsideration, when ultimately filed, did not specifically invoke Fed.R.Civ.P. 59(e). Moreover, the petition included several exhibits that had not previously been submitted to the district court. "[W]e subscribe to the majority view that 'a motion which ask[s] the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)." *Lopez v. Corporacion Azucarera de Puerto Rico*, 938 F.2d 1510, 1513 (1st Cir.1991). Where, as in this case, the petition sought to set aside the judgment of dismissal as legally erroneous, it is properly treated as a motion brought under Rule 59(e). *Accord Appeal of Sun Pipe Line*, 831 F.2d 22, 24 (1st Cir.1987), *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988). We note that none of the exhibits attached to the petition appear to qualify as newly discovered evidence under Fed.R.Civ.P. 60(b)(2).

question remains whether the district court's allowance of Feinstein's motion to enlarge excused his late notice of appeal. We think not.

Courts applying the unique circumstances exception " 'will permit an appellant to maintain an otherwise untimely appeal in unique circumstances in which the appellant reasonably and in good faith relied upon judicial action that indicated to the appellant that his assertion of his right to appeal would be timely, so long as the judicial action occurred prior to the expiration of the official time period *such that the appellant could have given timely notice had he not been lulled into inactivity.* ' " *Pinion v. Dow Chemical, U.S.A.,* 928 F.2d at 1526–27, *quoting Willis v. Newsome,* 747 F.2d 605, 606 (11th Cir.1984) (emphasis supplied); *see also In re Slimick,* 928 F.2d 304, 310 (9th Cir.1990) (noting that the *Willis* formulation may be "too broad in light of *Osterneck,*" and that, under current law, "implicitly misleading conduct by courts does not release litigants from their appeal deadlines"). At bottom, the inquiry anent the scope of the exception must focus upon whether the appellant's professed reliance on the actions of the district court was objectively reasonable. After all, "[r]easonable reliance has always been a necessary prerequisite to an invocation of the 'unique circumstances' exception." *Pinion v. Dow Chemical, U.S.A.,* 928 F.2d at 1532.

In the instant case, we do not think that Feinstein could reasonably have relied on the district court's order granting his motion to enlarge in foregoing the timely filing of his notice of appeal. In the first place, the motion to enlarge was not accompanied by the petition for reconsideration. The latter was not filed until six days after the motion to enlarge was allowed. Hence, the district court could not conceivably have known whether Feinstein's motion for reconsideration would solicit relief under Rule 59 (which has a mandatory ten-day filing limit) or under Rule 60(b) (which sets

more elastic parameters for filing motions for relief from judgments).[4] Inasmuch as motions for relief from judgment under Fed.R.Civ.P. 60(b) do not toll the time for appeal, *see Lopez v. Corporacion Azucarera de Puerto Rico,* 938 F.2d 1510, 1513 (1st Cir.1991), and Feinstein did not apprise the district court of his grounds for seeking reconsideration, he could not reasonably have construed the order allowing his motion to enlarge as one which implicated Rule 59 and, therefore, was effective to toll the appeal period.

We also note that the order allowing Feinstein's motion to enlarge was not issued until November 15, 1990, the very last day on which Feinstein could have filed a timely notice of appeal. While the record does not indicate when Feinstein was notified of the court's ruling, the most plausible assumption is that Feinstein received notice through the mail in the ordinary course of business. If that were so, he would not have learned of the ruling until the appeal period had expired. By that time, Feinstein was no longer in a position to file a timely notice of appeal. In other words, there could have been no room for reliance. The plaintiff's late notice of appeal thus appears to be the product of his own ignorance of the law and the fact that the sands of time had run out, rather than the product of any affirmatively misleading acts of the district court. Accordingly, there were no sufficiently unique circumstances to bring Feinstein's case within the narrow exception to the general rule. *Cf., e.g., Kraus v. Consolidated Rail Corp.,* 899 F.2d 1360, 1365–66 (3d Cir.1990) (appeal dismissed notwithstanding district court's erroneous order extending time for filing motion for reconsideration, where counsel's errors contributed to lateness); *Denley v. Shearson/American Express, Inc.,* 733 F.2d 39, 41 (6th Cir.1984) (where district court did not rule on pro se's late motion for reconsideration until time for taking appeal or seeking an extension had expired, appellant could not have relied on these

---

**4.** The motion could also, of course, have been brought under Fed.R.Civ.P. 52 (which, like Rule 59(e), has a mandatory ten-day limit).

acts in filing late notice of appeal). Nor does Feinstein's pro se status absolve him from compliance with the Federal Rules of Civil Procedure.

▉ Even if we assume Feinstein learned on November 15th that his motion was granted and, based on that order, opted to forgo filing his notice of appeal at the last minute, application of the unique circumstances exception would still be unwarranted. A district court's allowance of such a motion, without more, is simply not the sort of "specific assurance" required to justify the application of this exception. *Accord Green v. Bisby,* 869 F.2d 1070, 1072 (7th Cir.1989) (minute order granting extension for filing of Rule 59(e) motion was not "act of affirmative representation by judicial officer"). In sum, we hold that the district court, in entering a minute order erroneously granting a motion to enlarge the time for filing a nondescript motion for reconsideration on the day plaintiff's appeal period expired, in no way excused the late notice of appeal.

▉ Withal, our task is not ended. The plaintiff's notice of appeal, while untimely with respect to the underlying judgment, was timely with respect to the order denying reconsideration. Nevertheless, as the petition prayed for relief which could only properly be sought under Rule 59(e), the district court was without jurisdiction to grant it because, as we have explained, it was untimely. *Browder v. Director, Dept. of Corrections,* 434 U.S. at 263 & n. 7, 98 S.Ct. at 560 n. 7.[5] The order denying the petition for reconsideration was proper, although the district court need not have reached the merits.[6]

We need go no further. Insofar as Feinstein's appeal seeks to challenge the October 16, 1990 judgment of dismissal, it is dismissed for want of appellate jurisdiction. Insofar as it seeks to challenge the December 4, 1990 order denying the plaintiff's motion for reconsideration, the order is affirmed.

*It is so ordered.*

---

**5.** Even if we give the plaintiff the benefit of every doubt and examine the petition for reconsideration under Rule 60(b), it was still properly denied. The petition and its attachments essentially reiterate the arguments Feinstein made in opposing the defendants' motion to dismiss. Relief under Rule 60(b) is "to be dispensed only in 'exceptional circumstances.'" *Rodriguez–Antuna v. Chase Manhattan Bank Corp.,* 871 F.2d 1, 3 (1st Cir.1989). Neither the petition nor its attachments present any exceptional circumstances warranting relief under Rule 60(b).

**6.** We are, of course, free to affirm judgments on any reason supported by the record. *See, e.g., Rodriguez–Antuna v. Chase Manhattan Bank Corp.,* 871 F.2d at 3.

