June 23, 1994 UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

No. 93-2227

AIR LINE PILOTS ASSOCIATION,

Plaintiff, Appellee,

v.

PRECISION VALLEY AVIATION, INC.,

Defendant, Appellant.

ERRATA SHEET

The opinion of the court issued on June 7, 1994 is corrected
as follows:

On page 16, line 13, at the end of the sentence, after the
word "further." add a new footnote number 7.

7. The current version of Fed. R. Civ. P. 5(e) provides,
inter alia, that "[t]he clerk shall not refuse to

accept for filing any paper presented for that purpose
solely because it is not presented in proper form as
required by these rules or any local rules or
practices." Appellant neither cited this rule nor
relied on it in any way and has, therefore, waived any
potential benefit which might accrue from it. For this
reason, we do not refer to the rule in the body of this
opinion. But we note that, in all events, the clerk's
refusal to accept the noncompliant motion for filing in
this case was backed by the judge's specific order, see

Chronology, supra, at No. 4, leaving the record in

essentially the same posture as though the motion had
been received and then stricken. Any error was,
therefore, harmless.

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 93-2227

AIR LINE PILOTS ASSOCIATION,

Plaintiff, Appellee,

v.

PRECISION VALLEY AVIATION, INC.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

Before

Selya, Circuit Judge,

Bownes, Senior Circuit Judge,

and Boudin, Circuit Judge.

E. Scott Smith, with whom Michael J. Minerva, Jr. and Ford &

Harrison were on brief, for appellant.

Jerry D. Anker for appellee.

June 7, 1994

SELYA, Circuit Judge. This case took wing when the Air
SELYA, Circuit Judge.

Line Pilots Association (ALPA), a labor organization, sued

defendant-appellant Precision Valley Aviation, Inc. (Precision)

to compel arbitration of a grievance initiated by the union on

behalf of certain probationary employees (all pilots). The

district court ordered Precision to arbitrate the dispute.

Precision now seeks to test the substance of the district court's

order. We do not reach that destination: the absence of

appellate jurisdiction defeats the main thrust of the appeal, and

what remains does not require us to extend our flight much beyond

takeoff.

I.

A Chronology

This appeal is enveloped in a jurisdictional fog. We

attempt to clear the air by chronicling the events that frame the

jurisdictional issue.

1.August 17, 1993: The district court,

acting on a motion for summary judgment,
entered a final judgment in ALPA's favor on
count 1 of its complaint. At the same time,
the court dismissed count 2 of the complaint
for want of subject matter jurisdiction. The
second part of the court's order is
immaterial to this appeal.

2.August 30, 1993: Precision attempted

to move for reconsideration, but failed to
comply with an applicable local rule.1

1District courts are empowered to make local rules for the
administration of the court docket. See Fed. R. Civ. P. 83. The

District of New Hampshire has promulgated a set of local rules.
One such rule provides that, with regard to most motions, "[t]he
moving party shall certify to the court that he has made a good
faith attempt to obtain concurrence in the relief sought."

3

Consequently, the clerk of court refused to
accept the defective pleading (which we shall
refer to as the noncompliant motion) for
filing.

3.August 31, 1993. The district court,

acting at ALPA's request, entered an amended
judgment clarifying the original judgment.
On the same date, Precision filed a notice of
appeal.

4.September 1, 1993: The district court

entered an "Order of Refusal of Pleading,"
endorsing the clerk's refusal to place the
noncompliant motion on record.

5.September 9, 1993: Precision served a

new motion for reconsideration of the August
17 judgment. This motion satisfied the
requirements of the local rules.

6.September 10, 1993: Precision filed

the September 9 motion in the clerk's office.
It also requested a stay of judgment pending
appeal. On the same date, Precision withdrew
its first notice of appeal.

7.September 22, 1993: The district

court entered an order declining to
reconsider the final judgment and denying
Precision's request for a stay. The court
stated that a motion for reconsideration
should have been served on or before August
27, and that Precision's efforts were,
therefore, untimely. The court erred in
identifying the end date; taking into account
the special directives of the Civil Rules,
see Fed. R. Civ. P. 6(a) (explaining

principles governing computation of periods
of 10 days or less), the 10-day period for
filing a motion to alter or amend the
judgment, Fed. R. Civ. P. 59(e), did not
expire until August 31.

D.N.H. Loc. R. 11(b). This rule applies foursquare to post-
judgment motions (such as are at issue in this case). See

Clausen v. Sea-3, Inc., F.3d , (1st Cir. 1994) [No.

93-1106, slip op. at 42] (explaining that Local Rule 11(b)
applies to all motions other than those filed during trial); see

also D.N.H. Loc. R. 11(a)(1).

4

8.October 7, 1993: Precision filed a

motion for reconsideration of the September
22 order (having served the motion a day
earlier). In this motion, Precision pointed
out the court's computational error and
contended that the noncompliant motion met
the applicable time constraints.

9.October 12, 1993: Although

acknowledging its computational error, the
district court nevertheless remained
steadfast and denied Precision's October 7
motion. The court noted that the
noncompliant motion did not conform to Local
Rule 11(b) and was, therefore, a nullity.
The September 9 motion also lacked force, as
that motion was neither served nor filed
within the requisite 10-day period.

10.October 13, 1993: The court entered

a further judgment commemorating the October
12 order, as required by Fed. R. Civ. P. 58.
See Fiore v. Washington County Comm. Mental

Health Ctr., 960 F.2d 229, 233 (1st Cir.

1992) (en banc).

11.November 5, 1993: Precision filed

its notice of appeal, seeking to challenge
(a) the August 17 judgment, (b) the September
22 order, and (c) the October 13 judgment.

II.

Analysis

A.

In civil cases in which the United States is not a

party, a notice of appeal must be filed within thirty days

following the entry of final judgment. See Fed. R. App. P.

4(a)(1). The requirement for punctual filing of a notice of

appeal is obligatory and jurisdictional. See Browder v. Illinois

Dep't of Correction, 434 U.S. 257, 264 (1978); Feinstein v.

Moses, 951 F.2d 16, 19 (1st Cir. 1991). Precision filed notice

of the instant appeal on November 5, 1993 far more than thirty

5

days after the entry of the August 17 judgment.2 Thus, the

threshold issue is whether some idiosyncratic feature of the case

breathed life into the (apparently tardy) notice of appeal.

Appellant offers a variety of possible scenarios, all

of which implicate Fed. R. Civ. P. 59(e). In terms, a motion to

alter or amend a judgment, made under that rule, interrupts the

running of the appeal period as long as it is "served not later

than 10 days after entry of the judgment." Thereafter, an order

disposing of the motion restarts the appeal period. See

Feinstein, 951 F.2d at 18; see also Fed. R. App. P. 4(a)(4). The

rule's 10-day window is mandatory and jurisdictional.3 See

Vargas v. Gonzalez, 975 F.2d 916, 917 (1st Cir. 1992); Barrett v.

United States, 965 F.2d 1184, 1187 (1st Cir. 1992). Thus, the

period set for prosecuting a Rule 59(e) motion may not be

extended. See Fed. R. Civ. P. 6(b) (explaining that the district

2The parties agree that final judgment entered on August 17,
1993. Though the district court entered an amended judgment on
August 31, 1993, see Chronology, supra, at No. 3, the amendment

served strictly as a means of clarification and did not alter the
parties' substantive rights under the preexisting judgment. The
settled rule is that the non-substantive revision of a previously
entered judgment does not restart or otherwise affect the period
within which appellate review must be sought. See FTC v.

Minneapolis-Honeywell Co., 344 U.S. 206, 211-12 (1952). It is

only when the judgment-issuing court alters matters of substance
or resolves some genuine ambiguity that the entry of an amended
judgment winds the appeals clock anew. See id.; see also Charles

v. Daley, 799 F.2d 343, 348 (7th Cir. 1986). In this case,

Precision never has contended that entry of the amended judgment
signalled the commencement of a new appeal period.

3The timeliness of a Rule 59(e) motion is determined by the
date of service, not the date of filing. See Perez-Perez v.

Popular Leasing Rental, Inc., 993 F.2d 281, 283 (1st Cir. 1993);

Roque-Rodriguez v. Lema Moya, 926 F.2d 103, 107 (1st Cir. 1991);

Rivera v. M/T Fossarina, 840 F.2d 152, 154 (1st Cir. 1988).

6

court "may not extend the time for taking any action" under Rule

59(e)); see also de la Torre v. Continental Ins. Co., 15 F.3d 12,

14 (1st Cir. 1994); Feinstein, 951 F.2d at 19; Rivera v. M/T

Fossarina, 840 F.2d 152, 154 (1st Cir. 1988).

This is not to say that a motion for reconsideration

filed after the 10-day window closes is completely inutile.

While such a motion will not extend the appeal period, the

district court, so long as it still retains jurisdiction, may

choose to grant the requested relief. See Jusino v. Zayas, 875

F.2d 986, 989-90 & n.3 (1st Cir. 1989) (discussing district

court's inherent power to correct errors in its own decrees).

Moreover, if such a motion is denied, the movant may seek

appellate review of the denial. See Rodriguez-Antuna v. Chase

Manhattan Bank Corp., 871 F.2d 1, 2 (1st Cir. 1989). We caution,

however, that a timely appeal from an order denying a motion for

reconsideration brought other than in conformity with Rule 59(e)

does not "resurrect [the appellant's] expired right to contest

the merits of the underlying judgment, nor bring the judgment

itself before [the court of appeals] for review." Id.

B.

It is against this tightly woven backdrop that we turn

to appellant's asseverational array. Appellant's central claim

is that, whatever its deficiencies might have been, the

noncompliant motion was a timely-filed Rule 59(e) motion and,

therefore, tolled the appeal period in respect to the August 17

judgment. We do not agree.

7

This initiative depends on the significance of the

admitted defect in the motion the motion plainly did not

satisfy the requirements of the local rules and the

supportability of the lower court's response to it. Appellant

attempts to shrug off the matter of noncompliance, contending, in

effect, that Local Rule 11(b) is somewhat silly, and that the

district court's slavish adherence to it sanctifies "an empty

formality."

We think appellant presumes too much. Rules of

procedure are vitally important in judges' efforts to manage

burgeoning caseloads with some semblance of efficiency. Within

wide limits, it is for courts, not litigants, to decide what

rules are desirable and how rigorously to enforce them. See

Maldonado-Denis v. Castillo-Rodriguez, F.3d , (1st

Cir. 1994) [No. 93-2012, slip op. at 16] ("The judge, not

counsel, must run the court and set the agenda."). Valid local

rules are an important vehicle by which courts operate.4 Such

rules carry the force of law, see 12 Charles A. Wright & Arthur

R. Miller, Federal Practice & Procedure 3153 (1973), and they

are binding upon the litigants and upon the court itself, see

United States v. Diaz-Villafane, 874 F.2d 43, 46 (1st Cir.),

cert. denied, 483 U.S. 862 (1989). Consequently, the court below

acted appropriately in refusing to disregard Local Rule 11(b).

4This court has recently upheld the validity of D.N.H. Loc.
R. 11(b), see Clausen v. Sea-3, Inc., F.3d , (1st Cir.

1994) [No. 93-1106, slip op. at 42-43], and appellant has
advanced no plausible claim of invalidity.

8

By like token, we do not discern any error in the

court's application of the rule. District courts enjoy broad

latitude in administering local rules. See United States v.

Roberts, 978 F.2d 17, 20 (1st Cir. 1992); Diaz-Villafane, 874

F.2d at 46. In the exercise of that discretion, district courts

are entitled to demand adherence to specific mandates contained

in the rules. See, e.g., Clausen v. Sea-3, Inc., F.3d ,

(1st Cir. 1994) [No. 93-1106, slip op. at 43]; Witty v.

Dukakis, 3 F.3d 517, 519 (1st Cir. 1993); Jardines Bacata, Ltd.

v. Diaz-Marquez, 878 F.2d 1555, 1560 (1st Cir. 1989); see also

Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir.

1990) ("Rules are rules and the parties must play by them.").

In this instance, the local rules explicitly warn

litigants that the court will "not accept any motions not in

compliance with procedures outlined in [the local rules]."

D.N.H. Loc. R. 11(a)(1). This provision, aposematic in and of

itself, is reinforced by a further provision that clearly

contemplates the striking of noncompliant pleadings. See D.N.H.

Loc. R. 2(f).5 Mindful of this profusion of red flags, we

5Appellant senses a possible contradiction in the district's
local rules. We perceive no inconsistency. While Local Rule
2(f) instructs that "[d]ocuments which fail to comply with the
provisions of these rules shall be filed by the clerk, subject to
being stricken by the court," Local Rule 11(a)(1) instructs that
"[t]he Clerk shall not accept any motions not in compliance with
procedures outlined in these Rules." The latter rule is narrowly
tailored and relates specifically to motions. Hence, it governs
in cases involving nonconforming motions. See generally 2B

Norman J. Singer, Sutherland Statutory Construction 51.05 (5th

ed. 1992) (explaining that, when two statutes are in seeming
conflict, the more specific statute ordinarily controls).

9

cannot say that the judge responded inappropriately to

appellant's breach of Local Rule 11(b). See Clausen, F.3d at

[slip op. at 43] (holding that a district court, sitting in

New Hampshire, is entitled to enforce Local Rule 11(b) by

refusing to accept a noncompliant motion for filing); see also

Atlas Truck Leasing, Inc. v. First NH Banks, Inc., 808 F.2d 902,

903 (1st Cir. 1987) (holding, in analogous circumstances, that

the trial court's application of a rule will only be reversed if

its disposition "results in clear injustice"). Indeed, it is

difficult to imagine how a judge could be found to have abused

his discretion in following the very course of action openly

advocated by the court's rules.

C.

Appellant's next argument is ingenious, but

unpersuasive. Although phrased in various ways, the argument

amounts to a claim that the September 9 motion, see Chronology,

supra at No. 5, somehow related back to the date of the

noncompliant motion or served to reinstate that motion nunc pro

tunc.

The short, dispositive answer to this claim is that the

local rules do not accord a noncompliant motion any force or

effect. To the contrary, the rules rather conspicuously convey

the court's intention to treat noncompliant motions as null and

void. See D.N.H. Loc. R. 11(a)(1) (stating that the clerk of

court shall refuse to accept noncompliant motions for filing);

see also D.N.H. Loc. R. 2(f) (explaining that noncompliant

10

documents are subject to being stricken).

If there is any lingering doubt as to this reading of

the local rules and we see no room for any such dubiety it is

dispelled by the instruction contained in the district court's

order of refusal, Chronology, supra, at No. 4, which stated:

"When/if resubmitted, the [motion] should contain a

recertification of service on opposing counsel/parties." The

order of refusal also discussed the possibility that resubmission

of the motion might "bring the filing outside of a specific date

as set by court rule." In other words, the court made plain that

the old motion was dead and that a new motion, having a new

filing date, would be required. Since a district court's

plausible construction of its own local rule is entitled to

considerable deference, see, e.g., City of Waltham v. United

States Postal Serv., 11 F.3d 235, 243 (1st Cir. 1993); see also

12 Wright & Miller, supra, 3153 (1973), this viewpoint is

telling.

To sum up, the noncompliant motion was a nullity. It

follows inexorably that the September 9 motion did not relate

back to the earlier motion or supplant it nunc pro tunc. Rather,

the new motion had to be evaluated on its own merit, not as an

extension of the noncompliant motion. So viewed, the September 9

motion cannot serve as a vehicle for restarting the appeal period

because it was filed beyond the 10-day period stipulated in Rule

59(e).

D.

11

Appellant's next attempt to reach the August 17

judgment smacks of trying to cram a square peg into a round hole.

Precision posits that an appellate court may grant special

dispensation from the temporal requirement for docketing a notice

of appeal "where an appellant has filed a belated motion for

reconsideration and relied on the district court's statement that

the motion was timely in forgoing the timeous filing of a notice

of appeal." Feinstein, 951 F.2d at 19; see also Thompson v. INS,

375 U.S. 384, 386-87 (1964) (per curiam). It then hints that it

is deserving of sanctuary under this principle. We agree with

appellant's premise a limited exception does exist for "unique

circumstances" but we disagree with its conclusion that this

appeal is eligible for such special swaddling. We explain

briefly.

There are two preconditions to the availability of the

"unique circumstances" exception. First, the exception "applies

only where a party has performed an act which, if properly done,

would postpone the deadline for filing his appeal and has

received specific assurance by a judicial officer that this act

has been properly done." Osterneck v. Ernst & Whinney, 489 U.S.

169, 179 (1989). Second, the court's action or statement must

have occurred at a point when, had the party not been led astray,

it would have been able to file a timeous notice of appeal. See

Feinstein, 951 F.2d at 20. Here, neither precondition is

satisfied, for the district court did nothing to lull appellant

into inactivity.

12

Appellant's contrary claim has two prongs. One centers

around the district court's initial denial of the September 9

motion. See Chronology, supra, at No. 7. This prong is easily

blunted. After all, the court ruled unequivocally that the

motion was untimely vis-a-vis the final judgment. The fact that

the court made an erroneous calculation in the course of

announcing its ruling was unfortunate but, given the denial of

the motion, the bevue could not in any way have lulled appellant

into a false sense of security regarding filing deadlines.

The remaining prong of appellant's claim focuses on

Precision's ostensible belief that, when the district court

rejected the noncompliant motion, it (Precision) could refile the

motion nunc pro tunc after paying belated obeisance to Local Rule

11(b). But if appellant harbored this belief, it was wishful

thinking not premised on anything that the district court did

or said. Indeed, the order of refusal expressly stated that "if

the resubmission of said pleading will bring the filing outside

of a specific date as set by court rule or court order, a motion

for extension must accompany the refiling."

That effectively ends the matter. Where a party claims

to have relied to its detriment on a trial judge's statement or

action, it can derive no benefit unless its reliance is

objectively reasonable. See Feinstein, 951 F.2d at 20; Pinion v.

Dow Chemical, 928 F.2d 1522, 1532 (11th Cir.), cert denied, 112

S. Ct. 438 (1991). Here, especially in light of the court's

specific admonition, Precision could not reasonably have relied

13

on the refusal of the noncompliant motion as evidence that a

resubmission would be accepted nunc pro tunc.

Appellant's remaining attempts to reach the underlying

judgment are meritless and do not require discussion. We lack

jurisdiction to review the August 17 judgment.

E.

Appellant also contends that the district court erred

in denying its two later motions for reconsideration. See

Chronology, supra, at Nos. 5-6, 8. Although the notice of appeal

is timely as to these rulings,6 it does not serve to reopen the

expired appeal period vis-a-vis the underlying judgment. See

Rodriguez-Antuna, 871 F.2d at 2; Appeal of Sun Pipe Line Co., 831

F.2d 22, 24-25 (1st Cir. 1987), cert. denied, 486 U.S. 1055

(1988). In the circumstances of this case, appellate

jurisdiction is restricted to the September 22 order and the

October 13 judgment.

As a practical matter, the October 13 judgment adds

very little to the mix. That judgment memorializes the district

court's denial of the October 6 motion for reconsideration. To

6The district court denied the September 9 motion by order
entered September 22, 1993. See Chronology, supra, at No. 7. We

assume arguendo, favorably to appellant, that the ensuing motion

for reconsideration, filed on October 6, see id. at No. 8,

suspended the running of the appeal period with respect to a
possible appeal of the September 22 order. See Fed. R. Civ. P.

59(e); Fed. R. App. P. 4(a)(1). On this assumption, the appeal
period began to run afresh on October 13, following the denial of
appellant's October 6 motion. The notice of appeal was filed
within thirty days of this date. See Chronology, supra, at No.

11.

14

the extent that the motion successfully sought correction of a

misstatement made by the district court in the September 22

order, see Chronology, supra, at No. 7, appellant prevailed, and

cannot appeal. To the extent that the October 6 motion

unsuccessfully sought a change in the bottom-line disposition of

the case, the court's rejection of it stands on a par with the

court's rejection of the September 9 motion for reconsideration,

memorialized in the September 22 order. Accordingly, we discuss

only the September motion and order but we do so on the express

understanding that our comments apply with undiminished force to

what transpired in October.

The September 9 motion sought reconsideration of the

underlying judgment. Under First Circuit precedent, an untimely

Rule 59(e) motion may be dismissed summarily by the trial court.

See, e.g., Rodriguez-Antuna, 871 F.2d at 2-3; Silk v. Sandoval,

435 F.2d 1266, 1267 (1st Cir. 1971). But the court, if it so

elects, may use even a belated Rule 59(e) motion as a vehicle for

rethinking its original ruling, so long as the court still

retains jurisdiction over the case. See, e.g., United States v.

789 Cases of Latex Surgeon Gloves, 13 F.3d 12, 14 (1st Cir.

1993); Jusino, 875 F.2d at 989-90; see also 11 Wright & Miller,

supra, 2858 & n.22 (1973 & Supp. 1994).

In this instance, the lower court chose the former

option. Even had the court chosen the latter option, however, an

equally unhappy fate would have awaited the movant. In the last

analysis, the court of appeals will overturn a district court's

15

denial of a motion for reconsideration only if the record evinces

a clear abuse of discretion. See Fragoso v. Lopez, 991 F.2d 878,

888 (1st Cir. 1993); Weinberger v. Great Northern Nekoosa Corp.,

915 F.2d 518, 528-29 (1st Cir. 1991); Sun Pipe Line, 831 F.2d at

25. This is a steep climb and appellant lacks the necessary

horsepower to attain such altitudes.

In its motion, Precision asked that the order to compel

arbitration be reexamined for two reasons. First, it asserted

that the court reached an erroneous legal result, pure and

simple. Insofar as the motion was predicated on this ground, the

court appropriately rejected it: a trial court, having

considered the parties' arguments and ruled on them, is under no

obligation to repastinate well-ploughed soil simply because an

unsuccessful litigant balks at taking "no" for an answer. See

National Metal Finishing Co. v. BarclaysAmerican Commercial,

Inc., 899 F.2d 119, 123 (1st Cir. 1990); Van Skiver v. United

States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 113

S. Ct. 89 (1992).

Appellant also requested reconsideration in light of a

ruling handed down by the National Mediation Board (NMB) on

August 11, 1993, while ALPA's motion for summary judgment was

pending in the district court. This constituted new matter. The

issue before the NMB concerned the representation of pilots

employed by Precision and by an affiliated airline. The NMB

determined that the two airlines comprised a "single

transportation system" for collective bargaining purposes under

16

the Railway Labor Act, 45 U.S.C. 151-188 (1988), and ordered a

representation election. Seizing on this development,

appellant's motion posited that arbitrating the grievance

underlying this case with a representation election in the offing

would infringe upon the jurisdiction of the NMB.

This contention comprises more bleat than wool.

Precision neglects to mention that the NMB's order specifically

provides that "[p]ending resolution of this representation

dispute, ALPA's certification [as the collective bargaining

representative for Precision's pilots] remains in effect." Given

the untimeliness of appellant's motion and the NMB's clear

statement anent ALPA's representational authority, we find no

hint of abused discretion in the district court's order refusing

reconsideration.

III.

Conclusion

We need go no further.7 When Precision elected to

7 The current version of Fed. R. Civ. P. 5(e) provides,
inter alia, that "[t]he clerk shall not refuse to

accept for filing any paper presented for that purpose
solely because it is not presented in proper form as
required by these rules or any local rules or
practices." Appellant neither cited this rule nor
relied on it in any way and has, therefore, waived any
potential benefit which might accrue from it. For this
reason, we do not refer to the rule in the body of this
opinion. But we note that, in all events, the clerk's
refusal to accept the noncompliant motion for filing in
this case was backed by the judge's specific order, see

Chronology, supra, at No. 4, leaving the record in

essentially the same posture as though the motion had
been received and then stricken. Any error was,
therefore, harmless.

17

disregard Local Rule 11(b), it flew headlong into unfriendly

skies. In the aftermath of this pilot error, we lack appellate

jurisdiction to review the underlying judgment on the merits.

Substantively, then, our scrutiny must be confined to the denial

of two post-judgment motions. On that circumscribed basis,

Precision's appeal stalls.

Affirmed.

18