50 F.3d 1
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Enos Julian GAUDET, Plaintiff, Appellant,
v.
John BOYAJIAN, Defendant, Appellee.
 No. 94-1803
 United States Court of Appeals,
First Circuit.
 Mar. 21, 1995
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Francis J. Boyle, Senior U.S. District Judge ]
 Enos Gaudet on brief pro se.
 John Boyajian and Boyajian, Harrington & Richardson on Motion to Dismiss and Memorandum in Support, for appellee.
 D.R.I.
 AFFIRMED.
 Before CYR, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by pro se debtor- appellant Gaudet from a district court intermediate appeal, Gaudet v. Boyajian, No. 92-0616B (D.R.I. May 16, 1994), affirming a bankruptcy court order requiring Gaudet to pay trustee-appellee Boyajian $28,000 in fees and costs as a sanction "for the legal services attributable to [Gaudet's] frivolous litigation during the course of this bankruptcy case." In re Gaudet, 144 B.R. 223, 224 (Bankr.D.R.I. 1992). The district court, concluding that the bankruptcy court was authorized to assess the fee sanction, affirmed the order and Gaudet appeals.
 
 
 2
 Trustee-appellee Boyajian moves to dismiss the appeal contending that this court is without appellate jurisdiction to review the judgment affirming the bankruptcy court's order. We agree, but find the notice of appeal timely as to the denial of Gaudet's post-judgment motion, which remains open to review.
 
 
 3
 A brief recitation of the pertinent facts is in order: 1. On May 16, 1994, after hearing on April 28, 1994, the district court entered an order and judgment affirming the bankruptcy court's order. 2. On June 2, 1994, Gaudet filed a motion entitled "Notice and Motion to Extend Time." The motion requested an extension of time in which to file a motion for rehearing of the May 16, 1994, order. Specifically, Gaudet sought to delay the filing of the intended rehearing motion until 15 days after the receipt of the April 28, 1994, hearing transcript which, he asserted, was needed to complete the proposed motion. 3. On June 20, 1994, the district court entered a margin order summarily denying the Notice and Motion to Extend Time. 4. On July 19, 1994-sixty-four days after entry of judgment and thirty days after the denial of the motion-Gaudet filed a notice of appeal "from the [June 20, 1994] order denying his motion ... of June 2, 1994." 5. On August 2, 1994, Gaudet filed a statement of issues on appeal challenging the bankruptcy court's authority to impose an attorney fee sanction for Gaudet's overall litigation conduct, including actions in the appellate courts.
 
 
 4
 As a threshold matter, although the notice of appeal on its face shows an appeal from the denial of the Notice and Motion to Extend, it is obvious-from the statement of issues and other filings in this court-that Gaudet seeks to revisit the district court judgment affirming the bankruptcy court's order. It is undisputed that the notice of appeal was filed more than thirty days after entry of that judgment. Fed. R. App. P. 4(a)(1). That a notice of appeal be timely filed is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). However, a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), if served within ten days of judgment, postpones the period for appealing the judgment until the district court's disposes of the motion. Rule 4(a)(4)(C).
 
 
 5
 The question arises whether the Notice and Motion to Extend could be construed as a Rule 59(e) motion. We think not. Although the motion was served on May 31, 1994, within the ten-day period, and was ostensibly timely for Rule 59(e) purposes, Fed. R. Civ. P. 6(a); Rivera v. M/T Fossarina, 840 F.2d 152, 154 (1st Cir. 1988) (the date of service, not filing, controls), there are otherwise none of the earmarks of a cognizable motion for Rule 59(e) relief. It was designed as motion to extend time to file a motion for rehearing, but the time to file a Rule 59(e) motion cannot be extended. Id. n.3. It was unaccompanied by any kind of statement indicating why the ruling below was legally incorrect, and, thus, failed utterly to comply with the basic requirements of Fed. R. Civ. P. 7(b)(1) that grounds for motion relief be stated with particularity. See Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1420 (9th Cir. 1984). In short, under the most charitable view, Gaudet's Notice and Motion to Extend cannot, in substance, be treated as a Rule 59(e) motion and is ineffective to preserve any Rule 59(e) rights. See Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 283 (1st Cir. 1993) (substance, not nomenclature, determines character of motion); Feinstein v. Moses, 951 F.2d 16, 20 (1st Cir. 1991) (order allowing motion to enlarge did not implicate Rule 59(e) tolling because motion failed to apprise court of grounds for seeking reconsideration). As a consequence, the 30-day appeal period was not extended and the notice of appeal is late as to the judgment, precluding its review in this court.[1] See Air Line Pilots Ass'n v. Precision Valley Aviation, 26 F.3d 220, 224 (1st Cir. 1994) (non-conforming Rule 59(e) motions do not resurrect an expired right to appeal the merits of underlying judgment); Rivera, 840 F.2d at 156.
 
 
 6
 While our jurisdiction over an appeal from judgment is foreclosed, the notice of appeal is timely as to the denial of the Notice and Motion to Extend Time. Nonetheless, presuming that Gaudet sought more time to press for reconsideration of the underlying judgment under Rule 59(e), "it is well established that district courts lack power to enlarge the time for filing post-judgment motions for a new trial or motions to alter or amend judgment." Feinstein, 951 F.2d at 19 & n.3. Since the district court lacked authority to extend the time for Gaudet to file such a motion, its summary denial was entirely proper. Id. at 21.
 
 
 7
 Even if the Notice and Motion to Extend Time was generously construed as a request for relief from judgment under Fed. R. Civ. P. 60(b), given the history of the case and the failure to identify any facially sufficient ground for such a motion, there was no abuse of discretion in its denial. The extraordinary relief afforded by Rule 60(b) is available only in exceptional circumstances, clearly not present here. See id. at 21 n.5; United States v. One Urban Lot, 882 F.2d 582, 585 (1st Cir. 1989).
 
 
 8
 Appellee also seeks sanctions from this court for the filing of this untimely appeal. However, the appeal was not untimely in all respects. We trust that appellant is well aware that frivolous filings will not be tolerated. Appellee's motion for sanctions is denied.
 
 
 9
 In sum, insofar as Gaudet is contesting the May 16, 1994, judgment affirming the September 2, 1993, decision and order of the bankruptcy court, the appeal is dismissed for lack of appellate jurisdiction. To the extent that Gaudet contests the June 20, 1994, order denying his Notice and Motion to Extend Time, that order is affirmed.
 
 
 10
 It is so ordered.
 
 
 
 [1]
 Nor could the Notice and Motion to Extend Time, which did not designate the rule relied upon, conceivably be treated as a motion under Fed. R. App. P. 4(a)(5) to extend the 30-day appeal period because of excusable neglect or good cause. Gaudet's casual filing offered no legitimate or compelling reason whatsoever, much less developed argument, for failing to file a timely notice of appeal from judgment. In any event, as Gaudet's notice of appeal was ultimately filed sixty-four days after judgment, Rule 4(a)(5), which enlarges the appeal period to no more than sixty days, would provide no relief