USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1185 RAFAELA ROJAS-MORALES, ET AL., Plaintiffs, Appellees, v. CAGUAS LUMBER YARD, ET AL., Defendants, Appellees, _______________, AMERICAN INTERNATIONAL INSURANCE COMPANY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Rene Pinto Lugo, Dario Rivera Carrasquillo, Jaime Morales Morales ________________ _________________________ _____________________ and Cordero, Miranda & Pinto on brief for appellant. ________________________ Pedro Toledo Gonzalez Law Offices on brief for Caguas Lumber ___________________________________ Yard, Inc. et al., appellees. ____________________ August 4, 1995 ____________________  Per Curiam. This appeal arises out of a personal injury __________ lawsuit brought by Rafaela Rojas-Morales and her son, Brian, following a chemical explosion which occurred when two products, Crosco Clean Up and Lewis Red Devil Lye, were used to unclog a drain pipe. After approving a settlement stipulation, the district court dismissed the entire case. Defendant-appellant American International Insurance Company ("AIICO") appeals. For the following reasons, we affirm. BACKGROUND We recite only the background of this case necessary to an understanding of our disposition. The amended complaint names as defendants: Caguas Lumber Yard, Inc.; Gildo Masso- Gonzalez, his wife Carmen Aponte, and the conjugal partnership between them; Hector L. Rivera-Fontanez, his wife Cecilia Rivera-Munoz, and the conjugal partnership between them; Max Chemicals, Inc.; AIICO; Association of Warranty of all Types of Insurance ("Association"); and Eagle Star Insurance Company of Puerto Rico ("Eagle Star"). On March 23, 1994, AIICO, an excess insurer, filed an amended cross- claim for contribution against co-defendants Association and Eagle Star, both primary insurers. Approximately one month later, AIICO filed a motion for summary judgment on its amended cross-claim.  On September 29, 1994, following several months of negotiation, a stipulation of settlement and request for -2- 2 judgment was filed. Later that same day, AIICO filed a request for a ruling on its pending motion for summary judgment. On October 4, 1994, the district court approved the settlement stipulation. Approximately two weeks later, the court denied AIICO's request for a ruling on its summary judgment motion on the ground that the settlement stipulation put an end to all matters pending at the time of the settlement, including AIICO's cross-claim. On November 1, 1994, final judgment dismissing the entire case was entered. On November 21, 1994, AIICO served and filed a motion for reconsideration. This motion was denied on December 1, 1994. AIICO filed a notice of appeal on December 12, 1994. DISCUSSION Appellees argue, and we agree, that appellant does not have a timely appeal from the judgment. Under Fed. R. App. P. 4(a)(1), appellant was required to file its notice of appeal within thirty days after the date of entry of the judgment. It is well established that "timely filing of a notice of appeal is `mandatory and jurisdictional.'" Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 387 (1st Cir.) __________________ _________ (quoting Perez-Perez v. Popular Leasing Rental, Inc., 993 ___________ _____________________________ F.2d 281, 283 (1st Cir. 1993) (quoting Browder v. Director, _______ _________ Dep't of Corrections, 434 U.S. 257, 264 (1978))), cert. ______________________ _____ denied, 115 S. Ct. 574 (1994). In the instant case, ______ appellant did not file its notice of appeal until forty-one -3- 3 days after entry of the judgment, well outside the thirty-day period.  To be sure, a timely motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) tolls the time period for filing a notice of appeal. See Fed. R. App. P. 4(a)(4). ___ Although appellant's motion for reconsideration did not specifically invoke Rule 59(e), it is properly treated as a Rule 59(e) motion since it sought to set aside the judgment as legally erroneous. See Lopez v. Corporacion Azucarera de ___ _____ ________________________ Puerto Rico, 938 F.2d 1510, 1513 (1st Cir. 1991). However, ___________ Rule 59(e) requires a motion to alter or amend to be "served not later than 10 days after the entry of the judgment." Since appellant's motion for reconsideration was served outside the ten-day period, it did not affect the time for appealing from the judgment. See Acevedo-Villalobos, 22 F.3d ___ __________________ at 389. Under the circumstances, we lack jurisdiction to review the judgment. Although appellant's notice of appeal is untimely with respect to the judgment, it is timely with respect to the denial of the motion for reconsideration. Unfortunately for appellant, since the motion for reconsideration is properly construed as one brought under Rule 59(e), the district court was without jurisdiction to grant it because, as we have explained, it was untimely. Feinstein v. Moses, 951 F.2d 16, _________ _____ 21 (1st Cir. 1991). Accordingly, the district court did not -4- 4 err in denying the motion for reconsideration, although it need not have reached the merits.1 Id.  __ Affirmed.2 See Loc. R. 27.1.  ________ ___  ____________________ 1. Even if we construe appellant's motion for reconsideration as a Rule 60(b) motion, and thus treat it as timely, our conclusion is the same. "Rule 60(b) is a vehicle for `extraordinary relief,'" and "motions invoking the rule should be granted `only under exceptional circumstances.'" de la Torre v. Continental Ins. Co., 15 F.3d 12, 14-15 (1st ___________ _____________________ Cir. 1994) (quoting Lepore v. Vidockler, 792 F.2d 272, 274 ______ _________ (1st Cir. 1986)). Appellant's motion for reconsideration essentially reiterated, with citation to legal authority, arguments made in appellant's reply to opposition to its request for a ruling on its motion for summary judgment on the cross-claims. Under the circumstances, we do not find any "exceptional circumstances" here, or any abuse of discretion by the district court. See Feinstein, 951 F.2d at ___ _________ 21. 2. Appellees request attorneys' fee. A request for sanctions pursuant to Fed. R. App. P. 38 must be made in "a separately filed motion." In the instant case, appellees' motion was not separately filed. The request for attorneys' fees is denied.  -5- 5