[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 99-1157

DENNIS J. SOLOMON, INDIVIDUAL, DENNIS J. SOLOMON,
STOCKHOLDER, DENNIS J. SOLOMON, D/B/A VOLUMETRIC
IMAGING, VOLUMETRIC IMAGING, INC.,

Plaintiffs, Appellants,

v.

RAYTHEON COMPANY, TEXAS INSTRUMENTS, INC.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

---

Before

Torruella, Chief Judge,
Selya and Stahl, Circuit Judges.

---

Dennis J. Solomon on brief pro se.
James F. Kavanaugh, Jr. and Conn, Kavanaugh, Rosenthal,
Peisch & Ford on brief for appellees.

---

**Per Curiam**.  Upon careful review of the briefs and the record, we conclude that the district court did not abuse its discretion in denying the appellant's motion for reconsideration and motion to amend his complaint to comply with Fed. R. Civ. P. 23.1.  Insofar as the motion for reconsideration sought relief under Fed. R. Civ. P. 59(e), denial was required because the motion was untimely.  See Vargas v. Gonzalez, 926 F.2d 916, 917 (1st Cir. 1992).  The motion for reconsideration stated no grounds for relief cognizable under Fed. R. Civ. P. 60(b).  See Feinstein v. Moses, 951 F.2d 16, 19 n. 3 (1st Cir. 1991)(motions which seek to set aside judgment as legally erroneous are properly treated under Rule 59(e)).  Absent a reopened judgment, denial of leave to amend was wholly proper.  See, e.g., Mirpuri v. Act Mfg., Inc., 212 F.3d 624, 628 (1st Cir. 2000)("'[A] district court cannot allow an amended pleading where a final judgment has been rendered unless that judgment is first set aside or vacated pursuant to Fed.R.Civ.P. 59 or 60.'")(citation omitted).  The remaining contentions that the appellant argues either have been waived or are frivolous.

Affirmed.  See Loc. Rule 27(c).