**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 03-2599

FREDERICK J. BARRY, ET AL.,

Plaintiffs, Appellants,

v.

TOWN OF ROLLINSFORD, NH, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

---

Before

Selya, Torruella and Lynch,
Circuit Judges.

---

Frederick J. and June M. Barry on brief pro se.
Donald E. Gardner and Devine, Millimet & Branch, P.A., on
brief for appellees.

---

August 6, 2004

---

**Per Curiam**.  The sole issue in this case is whether the district court properly denied the plaintiffs' motion for reconsideration of the underlying judgment granting summary judgment for the defendants.  Because the plaintiffs' brief does not address the propriety of the order denying reconsideration, the issue is waived.  Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 188 (1st Cir. 2004).

The denial of the motion for reconsideration was proper in any event.  The plaintiffs' motion sought to set aside the judgment as legally erroneous.  Such a motion is properly treated as a motion brought under Fed. R. Civ. P. 59(e).  Feinstein v. Moses, 951 F.2d 16, 19 n.3 (1st Cir. 1991).  Rule 59(e) gives an aggrieved party ten days (excluding intermediate weekends and legal holidays) within which to file a motion for reconsideration.  Garcia-Velazquez v. Frito Lay Snacks Caribbean, 358 F.3d 6, 9 (1st Cir. 2004).  The ten-day deadline is mandatory, Fed. R. Civ. P. 6(b), and a district court has no power or discretion to modify it.  Vargas v. Gonzalez, 975 F.2d 916, 917 (1st Cir. 1992) (per curiam).

In this case, the district court entered judgment on October 7, 2003.  The Rule 59(e) motion was thus due on October 22, 2003.  The plaintiffs did not file their motion until October 23, 2003.  Therefore, the motion was untimely.  A district court is without jurisdiction to grant an untimely Rule 59(e) motion.  Browder v. Director, Dep't of Corr., 434 U.S. 257, 263 & n.7 (1978); Garcia-

-2-

Velazquez, 358 F.3d at 11.  Accordingly, the order denying the motion for reconsideration was proper.[1]

The plaintiffs' attempt to secure review of the underlying judgment is to no avail.  The plaintiffs ask that we excuse their untimely filings and review the merits of the judgment because of their pro se status and because they were "lulled" by the district court into believing that their notice of appeal was timely as to both the motion for reconsideration and the underlying judgment. While the Supreme Court has recognized that an untimely appeal may be heard under "unique circumstances," this exception "applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done."  Osterneck v. Ernst & Whinney, 489 U.S. 169, 178-79 (1989).

In this case, the district court did not take any action or make any statement regarding the timeliness of the motion for reconsideration, nor do the plaintiffs point to any such statement or action.  Rather, the plaintiffs' sole support for their contention that they were "lulled into complacency" is the fact

---

[1] Even if we consider the merits of the motion for reconsideration, it was still properly denied.  The motion essentially reiterated the arguments the plaintiffs made in opposing the defendants' motion for summary judgment. Relief under Rule 59(e) is for manifest errors of law or newly discovered evidence.  Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000).  The plaintiffs pointed to neither.

that the district court accepted their motion for reconsideration for filing and denied it without any explanation. The district court's acceptance and subsequent denial of the motion, without more, is simply not the sort of "specific assurance" required to justify the application of the "unique circumstances" exception. See Feinstein, 951 F.2d at 20 (holding that order which erroneously granted motion to enlarge time for filing nondescript motion for reconsideration in no way excused late notice of appeal). Nor does the plaintiffs' pro se status absolve them from compliance with the Federal Rules of Civil Procedure. Id.

Accordingly, insofar as the plaintiffs' appeal seeks to challenge the October 7, 2003 judgment, it is dismissed for lack of appellate jurisdiction. Insofar as it seeks to challenge the November 4, 2003 order denying the plaintiffs' motion for reconsideration, the order is affirmed.

It is so ordered.