**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1923

JOSE L. DIAZ,

Plaintiff, Appellant,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpi, U.S. Magistrate Judge]

Before

Lynch, Circuit Judge,
Stahl, Senior Circuit Judge
and Lipez, Circuit Judge.

Jose L. Diaz on brief pro se.
H.S. Garcia, United States Attorney, Miguel A. Fernandez, Assistant U.S. Attorney, and Lisa E. Bhatia-Gautier, Assistant U.S. Attorney, on brief for appellee.

February 21, 2006

**Per Curiam**. This appeal presents a veritable thicket of post-judgment motions for relief. At best, only the district court's denial of appellant's third and fourth motions for reconsideration are properly before us for review, and with respect to these two orders we conclude that the district court did not abuse its discretion. We set forth an abbreviated history so as to explain why only these two motions, at most, are open to appellate review.

On July 1, 2004, the district court entered summary judgment for appellees Alberto Gonzales, Attorney General, and the United States Department of Justice, dismissing this employment discrimination case involving the United States Marshals Service (USMS) in Puerto Rico. Within ten days of the entry of final judgment for appellees, appellant Jose L. Diaz (who has acted pro se throughout this litigation) filed his first post-judgment motion for relief. The district court properly considered Diaz's motion a motion for reconsideration under Fed. R. Civ. Pro. 59(e), which stayed the operation of the appeals clock until such time as the court ruled on it. Fed. R. App. Pro. 4(a)(4)(A); Aybar v. Crispin-Reyes, 118 F.3d 10, 14 (1st Cir. 1997), cert. denied, 522 U.S. 1078 (1998).

The district court denied Diaz's first motion for reconsideration on July 23, 2004, and the docket reports the case closed again on July 27, 2004. Diaz did not appeal. Instead, ten

-2-

days later, Diaz filed his second post-judgment motion, titled simply "supplemental motion." Because this second motion sought the same relief (reversal of the summary judgment decision and entry of judgment for Diaz) on essentially the same grounds as the first post-judgment motion, the district court apparently considered it a second Rule 59(e) motion for reconsideration. Because the motion was filed more than ten days after entry of final judgment, however, it was more properly considered as arising under Rule 60(b).

In response to Diaz's second motion, the court ordered appellees to file a certification regarding the existence of vacancies in the USMS in Puerto Rico in the years immediately following Diaz's application for employment. Diaz did not respond to the certification. Approximately two weeks later, the court denied Diaz's motion. Again Diaz did not appeal.

Almost three months passed without activity in the case. Diaz then filed his *third* post-judgment motion. In this motion for reconsideration, Diaz asserted that he had never received appellees' certification or the court's order denying his second motion and he had, therefore, been denied the opportunity to file his objections prior to the court's ruling.[1] The court ordered appellees to respond to Diaz's arguments and requested additional

---

[1] In each of his post-judgment motions, Diaz also argued that the court's summary judgment ruling should be reversed and judgment should be entered for him.

-3-

briefing by both parties on the question of whether the court had jurisdiction to consider the motion and whether a party who does not subscribe to the electronic filing system has a duty to check the docket. After receiving the parties' pleadings, the court denied Diaz's third motion, stating, among other things, that Diaz's arguments were "legally insufficient" to reopen this case "in which judgment has become final." Again, Diaz did not appeal.

Within ten days of entry of the court's order denying his third motion for reconsideration, Diaz filed his fourth and final motion for reconsideration, seeking the same relief on virtually the same grounds as his previous motion. The court denied this motion. Sixty days after entry of this ruling, and nearly ten months after the court entered summary judgment for the appellees, Diaz filed his first and only notice of appeal.

It is well-settled that "[w]hile the timely service of a motion for reconsideration will toll the time in which an aggrieved litigant must file a notice of appeal, *see* Fed. R. Civ. P. 59(e), an untimely motion for reconsideration will not." Acevedo-Villalobos, 22 F.3d at 389 (quoting Feinstein v. Moses, 951 F.2d 16, 18 (1st Cir. 1991) (collecting cases)). A post-judgment motion filed more than ten days after the entry of final judgment does not toll the running of the time for filing an appeal. Aybar v. Crispin-Reyes, 118 F.3d at 14.

At best, the only rulings timely appealed and properly before us, therefore, are the district court's denial of Diaz's third and fourth motions for reconsideration.[2] We have reviewed the record and find no abuse of discretion in the court's denial of both motions.

The district court carefully considered Diaz's third motion for reconsideration. It ordered additional briefing on the merits of Diaz's claim that he should have been given an opportunity to reply to appellees' certification. It ordered the parties to address the issue of whether the court had jurisdiction to consider the motion. After receiving those pleadings, the court ordered further briefing on yet another issue: whether a party who does not subscribe to the court's electronic filing system (as Diaz apparently did not) has a duty to check the court's docket. It was only after considering all of these issues that the court denied the third motion for reconsideration.

"We have made it transparently clear that relief under Rule 60(b) is 'extraordinary in nature"' and that "motions invoking

_____

[2] Because the third motion was filed several months after entry of final judgment, we will assume without deciding that it arose under Rule 60(b). We will also assume without deciding that the fourth motion for reconsideration, filed within ten days of the court's denial of Diaz's third motion for reconsideration, arose under Rule 59(e) and tolled the time for appealing from the denial of the third. We have frequently stated that regardless of what the motion is labeled, "we review the district court's disposition of it for abuse of discretion." Cintron-Lorenzo v. Departmento de Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002).

the rule should be granted sparingly." Moreover, "[i]n considering such a motion, we recognize the district court's 'intimate, first-hand knowledge of the case,' and, thus, defer broadly to that court's informed discretion." Cintron-Lorenzo v. Departmento de Asuntos del Consumidor, 312 F.3d. 522, 527 (1st Cir. 2002) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)). In his third motion for reconsideration, Diaz failed to show that he was entitled to extraordinary relief. When Diaz's fourth motion for reconsideration simply restated the arguments already fully considered and rejected by the court in its previous ruling, there was no abuse of discretion in issuing a summary denial.

Insofar as Diaz's appeal seeks to challenge the July 1, 2004 entry of summary judgment dismissing the case or the denial of his first two motions for reconsideration, it is dismissed for want of appellate jurisdiction. The orders of the district court denying Diaz's third and fourth motions for reconsideration are hereby **affirmed.**